MOSSEY *vs.* MEAD.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

There is no tacit reconduction where legal notice has been given to quit.

Where property is leased for a year, with the privilege of extending it for a term of years if required, the circumstance of the lessee's holding over for part of the term and paying monthly, is no evidence of his intention to avail himself of the clause which authorized him to require an extension of the lease. In such case, an actual requisition must be made.

This was an action by the lessor, to recover from the defendant the possession of a house, which the latter held as sub-lessee under Hudson. From the evidence it appeared, that the plaintiff had leased the house to Hudson, for one year from the first of January, 1827, with an agreement that, if Hudson required it, he should have the privilege of remaining seven years longer at the same rent. This lease was assignéd by Hudson to the defendant, who held under it until the seventh January, 1831, when he was notified by the plaintiff to quit. There was no evidence that either Hudson or the defendant had ever required an extension of the lease. Judgement being rendered for the plaintiff, the defendant appealed.

*Preston,* for appellant made the following points:

The lease was transferrable with the privilege of keeping the house seven years, and has been transferred to the defendant with this privilege. *C. C.* 2696, 2615.

The plaintiff assented to this privilege in writing, and by receiving rent in pursuance of it.

Defendant availed himself of it by paying rent and claiming it the first time the plaintiff spoke to him on the subject. The consent was both implied and express. *C. C.* 1805, 1795–6.

These principles are especially applicable to the contract of lease. *C. C. arts.* 2659, 1811.

*Derbigny, contra;*

1. The appellant, having no lease of the house of the appellee, was bound to leave it at the time specified in the regular notice served upon him.

2. Having retained possession of the house notwithstanding the notice, he is bound to pay such price for the rent as could be obtained from others.

3. Under certain conditions Hudson could avail himself of the lease of seven years; he never fulfilled those conditions, as acknowledged in his testimony.

Therefore, he had acquired no right to said lease of seven years, and could transfer none to Mead.

4. Mead never possessed the house under the lease of seven years. He kept possession of it, as stated in the judgement of the Supreme Court between the same parties, upon tacit reconduction.

5. The notice given on the seventh day of January, 1831, prevented the tacit reconduction since that time. *C. C. arts.* 2655-6, 2659—61.

MARTIN, J., delivered the opinion of the court.

The plaintiff demands the possession of a house of his, occupied by the defendant, who has been notified, according to law, to leave it; but retains it in spite of the plaintiff: the value of the rent is also claimed in damages.

The defendant avers the plaintiff leased the house to Hudson, for one year, from January 1, 1827, and by a clause of the lease had the faculty, if he required it, of retaining it on the same terms, during seven years from the above date. That the defendant received an assignment of the lease from Hudson, and holds the house under it.

The plaintiff had judgement, and the defendant appealed.

The defendant successfully resisted a similar claim of the plaintiff, in this court, on the first days of last year. *Ante*, vol. 2, *p.* 157. On the seventh of January, the latter gave a written notice to the former, to quit the house; and soon after the present action was brought.

The plaintiff's counsel has contended that there is no tacit reconduction for the year 1831, as within a week from the first day of that year, notice of the plaintiff's intention not to suffer the defendant to hold over for another year, was duly given. There has been no extinction of the lease, for the seven years following the date of the lease, because such an extension was even required, by the original lessee, or the defendant, the *sub* lessee.

We are of opinion there has been no tacit reconduction, the lessor having within a week from the expiration of the lease, given legal notice to the lessee, of his intention not to allow a tacit reconduction. *C. C.* 2659.

The defendant's counsel has contended that his client's holding over during the years 1828, 1829, and 1830, and paying the rent during these years, monthly, according to the terms of a lease for one year, is ample evidence of his intention to avail himself of the clause which authorized him to require an extension of the lease.

A requisition of the extension of the lease to the end of the seventh year, would have authorized the lessor to compel the lessee to pay the rent to the end of the extended period. At the end of the first year, 1827, the lessee, holding over, without opposition, there was a tacit reconduction for one year, the period of the original lease. Like reconductions followed for the defendant holding over at the end of the succeeding years. In January, 1831, however, the lessor's notice put an end to the lease, thus yearly renewed. It would have been otherwise, had an actual requisition of the plaintiff secured him the extension of the lease.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court, be affirmed, with costs.