## JOSEPH BOWLES *v.* SAMUEL K. LYON.

Where one who has leased a house or room for a fixed period, continues in possession for a week after his lease has expired, without any opposition from the lessor, the lease will be presumed to have been continued at the same price and on the same conditions, but for no particular period, (C. C. 2659 ;) and under art. 2655 of the Civil Code, he will hold by the month, and can only be expelled after the fifteen days notice required by art. 2656, and can quit the premises only after giving a similar notice to the landlord. At any time within a week after the expiration of the lease, the tenant may be expelled without notice, or he may leave in like manner.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Potts*, for the appellant, cited *Mossey* v. *Mead*, 2 La. 157. Civil Code, arts. 1811, 2656, 2658, 2659.

*Peyton*, and *I. W. Smith*, for the defendant.

MORPHY, J. This case presents a question relative to the law of landlord and tenant. The plaintiff, as lessee of Eliza Vance, sub-leased to the defendant the upper part of a house, for the term of nine months, from the 1st of February, 1840, at $75 per month, and engaged to let him have the preference of the premises at the same rate of $75 per month, during the time of his own lease, which was for three years, from the 1st of November, 1839. , At the expiration of the nine months, the defendant held over during six other months—regu-

Bowles v. Lyon.

larly paid his rent up to that time, and left the property, after giving the plaintiff due notice of his intention to quit. The latter conceiving that the lease had been renewed for one year, by the defendant's continuing in possession after it had expired, had his furniture sequestered, and brought the present suit, in which he claims $450 for the last six months' rent. The defendant admits that he did remain in the house after his lease had expired; thus enjoying the preference guaranteed to him of renting it by the month, but denies that there was any renewal of the lease for one year, or for any other specified time. He further avers, that should it be held that he is under any obligation resulting from said lease, he is entitled to have it rescinded, on the ground that the house is leaky and untenantable, from the plaintiff's long neglect and refusal to make the necessary repairs. There was a judgment below for the defendant, from which the plaintiff has brought this appeal.

As the defendant never declared for what length of time he desired to avail himself of the clause securing to him a preference, and as no step was taken by either party to renew the lease for any fixed period, he continued in possession of the premises, in the same manner as he might have done, with the acquiescence of his lessor, had no such clause been inserted in his lease. The inquiry must then be, what is, under our Code, the effect of the continued possession of the tenant after the expiration of his lease; or, in other words, for what period does a tacit *reconduction* take place.

Article 5659 of the Civil Code provides that, " If the tenant of a house or room, should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he cannot be compelled to give up the house or room, without having received the legal notice, or warning, directed by article 2656."

From this article, the French text of which is more explicit than the English, it is clear that when the tenant holds over at the end of his lease, without any opposition on the part of the lessor, although the lease is presumed to have been continued, it is not for any particular period, and that the lessee can quit the premises,

or the lessor recover possession of them, on giving the fifteen days notice required by article 2656. A tacit reconduction, or new lease, takes place for the same price, and on the same conditions as the former one, but for no particular time. Were it necessarily to be for one year, as is contended on the part of the plaintiff, or for the same period as the expired lease, neither of the parties could put an end to it, as is provided by article 2656, for those leases wherein no time for their duration has been agreed on.

In commenting on articles of the Napoleon Code analogous to ours, Troplong remarks : " *La tacite reconduction ne s' opère pas non plus nécessairement pour le même tems que l'ancien* [*bail.*] *C'est un bail sans écrit, dont la durée est déterminée par les usages sur le terme de ces sortes de baux.*" " *A part ces différences de tems, et la noncontinuation des cautions et hypothèques, la tacite reconduction est censée faite aux mêmes conditions que le bail précédent.*" Troplong, De Louage, Nos. 451, 452, and 612, 614, on article 1759.

But what in this article of the French Code is left to be regulated by usage, has been the subject of positive legislation in ours. Article 2655 provides, that "if the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month." When, therefore, the lease of a house for a given time expires, the landlord may, at any time within one week, expel the tenant, without giving him any notice, and the tenant in like manner may quit the premises without notice to the landlord ; but if the latter suffer him to hold over for one week, then the tenant holds for one month under article 2655, at the previous rent, and can only be expelled by the fifteen days notice required by the following article of the Code ; and he, on the other hand, can quit only on giving a similar notice to the landlord. Such appears to us to be the only effect of a tacit reconduction, under the articles of our Code. If this be so, the defendant had a right to quit the premises rented to him, on giving the plaintiff the notice required by law, and cannot be made liable for any rent subsequent to that time, as such notice put an end to the new lease resulting from his continued possession, and the acquiescence of his landlord.

We have been referred to the case of *Mossy* v. *Mead*, 2 La.

157, as containing a different doctrine. The court went, perhaps, further that it was necessary, for the decision of that case. The question was, whether the plaintiff could recover a larger amount of rent than that stipulated in the expired lease, in consequence of a notice he had given the tenant that he would increase the rent, after having suffered him to hold over for several months. The court decided that he could not under the tacit reconduction, which was a renewed lease on the same terms, and this agrees with the decision in *Rodriguez* v. *Combes et al.*, 6 Mart. 275. The question as to the period for which a tacit reconduction takes place under the Code, was not directly before the court.

*Judgment affirmed.*