## CLASSEN & CO. *v.* D. R. CARROLL et al.

Silence and inaction are, under some circumstances, the means of showing an assent that creates an obligation; if after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other.

The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least fifteen days before the expiration of the month, which has begun to run.

If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he cannot be compelled to deliver up the house or room, without having received the legal notice or warning directed by Article 2656 of the Civil Code.

APPEAL from the Sixth District Court of New Orleans, *Duplantier, J. C. E. Schmidt*, for plaintiffs and appellants. *Whitaker, Fellows & Mills*, for defendants.

HYMAN, C. J. Plaintiffs alleged that the defendants, Daniel R. Carroll and John G. McLearn, as commercial partners of the firm of D. R. Carroll & Co., were jointly and severally indebted to them, under a contract of lease, for the sum of $1,875, with interest.

Defendants filed a general denial, and prayed for trial by jury.

The case was, without objection, tried by jury.

The jury gave a verdict in favor of plaintiffs, for $900, with costs.

The Judge rendered judgment pursuant to the verdict; and from the judgment plaintiffs have appealed.

The evidence is, that defendants leased of plaintiffs, a part of a house in New Orleans, from 1st November, 1860, and paid quarterly, that is, every three months, $312 50 for the enjoyment of the same; that the defendants paid in this manner up to the 1st of May, 1862, and that, after that time, they ceased to pay, but held and occupied the property leased until 1st November, 1863.

Thus the lease is proven, and the price agreed to be given, and the time when it was to be paid, is also proven by the payments; and if there be any doubt for what period of time the lease was to continue by contract, the defendants remaining in possession of the part of the house leased, without opposition from their lessors, fixed the duration of the lease, during the time of their possession. See Civil Code, Articles 1811, 2656 and 2659.

It is ordered, adjudged and decreed, that the judgment of the District Court be reversed. It is further decreed, that plaintiffs recover of defendants, Daniel R. Carroll and John G. McLearn, in solido, the sum of one thousand eight hundred and seventy-five dollars, with legal interest thereon, as follows, to wit: on $312 50, from 1st of August, 1862; on a like sum from 1st of November, 1862; on a like sum from 1st of February, 1863; on a like sum from 1st of May, 1863; on a like sum from 1st of August, 1863, and on a like sum from 1st of November, 1863, till paid. It is further decreed that defendants pay all costs of suit.