ST. PAUL, J.
 

 On October 16, 1928, plaintiff leased from one Zuchowski the trapping rights on certain lands in Plaquemine parish. The terms of the lease were that “this lease is made for a period of one year for and in consideration of $100, to be paid by December 20th 1928; subject to renewal under the same terms' and conditions,” which lease was duly recorded, and on its face expired on October 16, 1929, unless renewed.
 

 But plaintiff took no steps at any time before the expiration of the lease to renew the same, or notify the lessor of his intention to do so; the first notice of his intention to renew the lease being on December 17, 1929, two months after the expiration thereof, when he tendered to the lessor $100 ast the price of a lease for another year; which tender was refused.
 

 Meanwhile the lands had passed mesne conveyances to the Empire Realty Company, Incorporated, and others, who then granted a lease thereon to the defendants.
 

 When the defendants attempted to enter the land thus leased by them, the plaintiff sought and obtained from the court below an injunction restraining them from doing so;
 
 *298
 
 the ground for said injunction being that plaintiff’s .lease had been renewed for one year by his tender made on December 17, 1929.
 

 But this tender of the price of a re» newal, did not’ itself operate as a renewal,, because it came too late for that purpose. For the option to renew a lease must be exercised before the expiration of the lease, otherwise it lapses. 16 R. C. L. 892; Mossey v. Mead,
 
 4
 
 La. 195.
 

 We are, therefore, of opinion that plaintiff had no lease on the lands after October 16, 1928, and that the injunction herein issued should be recalled.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that the injunction herein prayed for by plaintiff be refused at his cost in both courts.