Plaintiff is the owner of a certain piece of property in the Parish of Jefferson which, with the buildings on it, constitutes an automobile tourist court. The property is known as "The Wigwam Village No. 3" and is located at No. 4800 Airline Highway. On December 14, 1943, LeBlanc and defendant, Alphonse N. Barielle, entered into a written agreement of lease by which the property was to be taken over by Barielle as tenant for a period commencing on January 1, 1944, and terminating on December 31, 1944. The monthly rental was fixed at $125 and the lease contained a paragraph reading as follows:
"The Lessee, Alphonse N. Barielle, has signified an intention to construct and erect additional facilities on the property described above, at his own expense, for a trailer court on the rear of said portion *Page 639 
of ground, to cost a minimum of Fifteen hundred and no/100 ($1500.00) Dollars. In consideration of his erecting said improvements, and in the event they are made before January 1, 1945, the said Lessor does hereby grant unto the said Lessee the right of renewing the said lease presently in existence between them for a three year period beginning January 1, 1945, and running through December 31, 1947 on the same terms and conditions as the present lease. It is specifically understood between the Lessor and the Lessee that in the event that the additions and improvements are not constructed by the Lessee before January 1, 1945, that this option shall be of no force and effect, and shall be absolutely null and void. If the Lessee does construct the facilities as contemplated, it is hereby agreed that they shall belong to the Lessor in their entirety at the termination of this lease or any renewal thereof."
The lessee took over the property and operated it during the year 1944 and prior to December 31, 1944, he expended considerably more than the $1,500 stipulated for in the above quoted paragraph. It is not denied that the money was properly expended in accordance with the provisions of that paragraph.
During the year 1944 he at no time gave notice, either orally or in writing, that he intended to exercise the right given to him to renew the lease for the additional years to December 31, 1947. However, after the expiration of the original term of the lease he continued to occupy the property and to pay the stipulated monthly rental.
On October 18, 1945, LeBlanc, through his attorney, gave written notice to Barielle to vacate the leased property on November 1, 1945, and, when Barielle failed to comply, LeBlanc, on November 16, 1945, brought this suit praying that Barielle be ordered to vacate the property and to deliver it to LeBlanc. Barielle answered admitting the execution of the lease and that he had occupied the property from the commencement of the lease, and averring that he had spent more than $2,000 in erecting the additional facilities called for in that paragraph of the lease which we have already quoted, and averring also that at no time had LeBlanc informed him that he, LeBlanc, considered that the lease had terminated in spite of the fact that he, Barielle, continued to occupy the property for ten months after the expiration of the original term of the lease and to pay the stipulated monthly rental therefor.
Barielle averred that the acceptance by LeBlanc of the monthly rental for ten months after the expiration of the original term of the lease had constituted "an express and implied renewal and extension of said lease for the full period as set forth in the provision thereof hereinabove recited * * *."
In the court below there was judgment dismissing LeBlanc's suit and he has appealed.
[1] It is the contention of Barielle that it was not necessary that he expressly give notice to LeBlanc of his desire to renew the lease for the additional three years, he maintaining that by the expenditure of the $1,500 required by the quoted paragraph of the lease, the extension was automatically effected.
The lease does not so stipulate. It is not provided that the expenditure of the $1,500 should, in itself, bring about an extension of the lease. All that the said expenditure would accomplish according to the language employed would be to obtain for Barielle the right or option to extend the said lease if he so desired. We see no other possible interpretation. It is not stated that the expenditure of the money would affect the renewal but merely that by making the said expenditure Barielle would have "the right of renewing the said lease." In the last sentence of the paragraph, the said "right of renewing" is referred to as an "option."
[2, 3] We think it almost unnecessary to state that if an option is to be exercised action by the one to whom it is granted is necessary.
For several reasons it will not do to say that by remaining in the property Barielle tacitly gave notice of his intention to exercise the option. The notice of intention to exercise an option to renew a lease must be given before the expiration of the original term. That is exactly what was held in Cappiello v. Hingle et al, 170 La. 295, 127 So. 729. There, the lease contained the following stipulation:
"* * * 'this lease is made for a period of one year for and in consideration of $100, to be paid by December 20th, 1928; *Page 640 
subject to renewal under the same terms and conditions,' * * *."
The lessee took no steps to renew the lease and gave no notice to the lessor until two months after the original term had expired. He then notified the lessor of his intention to renew and tendered the rent for the ensuing year. The lessor objected and the matter found its way into court. The Supreme Court said:
"* * * this tender of the price of a renewal, did not itself operate as a renewal, because it came too late for that purpose. For the option to renew a lease must be exercised before the expiration of the lease, otherwise it lapses. * * *"
[4, 5] Counsel for Barielle argues that in permitting him to remain in the premises, LeBlanc, by his silence and inaction, created the obligation to let him remain for the extended term. He cites Civil Code, Article 1817, which reads as follows:
"Silence and inaction evidencing assent. — Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other."
But the fact that LeBlanc permitted Barielle to remain in the property cannot be construed as an assent to the extended term provided for in the option, for it seems to be well settled that where a lease which contains an option for a term renewal is allowed to expire, the fact that the lessor does not at once require the lessee to vacate does not constitute acquiescence in the extended term but merely brings about a reconduction under the appropriate articles of our Civil Code — 2689, where a house or a room is involved or 2688, in the case of a predial estate. That exact question was considered in Mossey v. Mead, 4 La. 195. There, the lessee leased his house to a tenant for one year with the agreement that if the tenant required it "he should have the privilege of remaining seven years longer at the same rent." During the original term no notice of intention to take advantage of the option for an extended term was given but after the expiration of the original year, the tenant of his successor was allowed to remain in the property for three years and the lessor accepted the monthly rent each month during those years. It was contended that by accepting the rent money each month for those years after the expiration of the original term, the lessor should be considered as having acquiesced in the extension of the lease for the seven year period. The court held that the acceptance of the rent merely constituted a reconduction in accordance with the articles of the Code and did not bring about the extension for seven years, which could only have been accomplished by actual notice given by the lessee of his intention to renew. In Dolese v. Barberot, 9 La. Ann. 352, the Supreme Court reached the same conclusion and there tersely said:
"* * * There having been no agreement between the parties to renew the lease, and the privilege of renewing it either for three or six years accorded to the defendant by an express stipulation not having been exercised by him; the effect of his holding over after the expiration of the term of the original lease was to constitute a tacit re-conduction from month to month. * * *"
See also Bowles v. Lyon, 6 Rob. 262.
The conclusion reached in Classen Co. v. Carroll, 18 La. Ann. 267, is not inconsistent with the above-stated well-established rule, though a reading of the syllabus in this case might create the impression that the court there held that a situation similar to that involved here was controlled by Article 1817 of our Code, which provides for the obligation which, under certain circumstances, is created by silence and inaction. That syllabus reads as follows:
"Silence and inaction are, under some circumstances, the means of showing an assent that creates an obligation; if after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other."
But that does not accurately set forth the conclusion that was reached in that case. There tenants were permitted to remain in a building for many months *Page 641 
after the original term of the lease had expired but they did not pay rent for fifteen months and when the landlord attempted to collect rent for that period they took the position that the original lease had not been extended. Though the decision is a little confusing, the tenants apparently maintained that the rent which they might owe for that fifteen month period was not controlled by the original agreement. The Supreme Court held that under those circumstances the terms of the original lease were extended into the period of reconduction and that the amount of rent to be paid and the obligation due by the tenants during that fifteen month period were controlled by the terms of the original lease. The holding in that case is not inconsistent with the established rule that where a lessor permits a lessee to remain in occupancy of the leased building after the term of the original lease has expired, this does not constitute anything more than a reconduction under the articles of the Code.
[6] In an interesting article in Louisiana Law Review, Vol. 1 at page 443, entitled, "Tacit reconduction — A New Lease," the author points out that from many decisions in this state there has been created confusion as to whether a reconduction of an urban lease constitutes a new lease or is merely an extension of the original agreement. But whether the reconduction of a lease of urban property constitutes a new agreement or is merely an extension of the original agreement on a month to month basis is not important here, for in any event under the provisions of the Code the reconduction may be terminated by either party on the giving of proper notice. This was held in Bowles v. Lyon, supra, which case the author of the article to which we have just referred, cites and which he refers to as being a case in which the Supreme Court "clearly analyzed the whole problem and spoke of the reconducted lease as a 'new lease.' "
[7] The proper notice required by C.C. art. 2686 was given here and therefore the defendant must be required to vacate the property. It is strenuously argued that to require the defendant to vacate brings about a most unfair result because it gives to the plaintiff the right to take over the improvements and additions for which the defendant has paid, and to use them for his benefit without making any payment therefor. This is unfortunate. But it comes from defendant's own failure to take the necessary steps to protect himself against such a result. Suppose the operation of the tourist court had proven unsuccessful and the defendant had found that even after expending the money which he did expend, it was to his advantage to abandon it, since he had not bound himself for the renewal term he could have taken the position that a mere reconduction had been effected and could, himself, have terminated his occupancy and, with it, his obligation to pay rent.
For these reasons it is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of plaintiff, Pierre Hoa LeBlanc, Jr., and against defendant, Alphonse N. Barielle, ordering and condemning the said Barielle, immediately upon the finality of this decree, to vacate the property and premises known as Wigwam Village No. 3, No. 4800 Airline Highway, Jefferson Parish. Defendant-appellee to pay all costs.
Reversed.