YELVERTON, Judge.
Heritage Square Investments (Heritage Square) appeals the dismissal of eviction proceedings it brought against its tenant, Jerry Trouard (Trouard). The eviction proceedings followed a 30 day notice of termination given by the lessor at the end of a four year lease. The trial court held that the lessee had timely exercised an option to renew the lease for an additional two years, and dismissed the eviction proceedings. We affirm.
The dispute arises from the following circumstances. By written instrument dated March 1, 1977, William M. Hale, Jr., Thomas A. Flanagan, Jr. and Robert E. Schmitt, as owners, leased 770 square feet of office space in an office building known as Heritage Square in south Lake Charles to Jerry Trouard. The lease had a four year primary term. Rent was payable monthly in advance calculated during the primary term at 40 cents per square foot ($308 a month).
Hale, then 40% owner of the complex, negotiated the terms of the lease with Trouard. The form lease had this sentence typed in under paragraph one:
“Trouard has 2-year option under same conditions except rental will increase to 43 cents per square foot.”
There was no other language in the contract dealing specifically with the option to renew. However, paragraph eight of the lease is a holdover clause and it is relevant. It reads:
“In the event Lessee hold over after the expiration of the primary term, such holding over shall not be deemed to extend or renew the term of this lease but such tenancy thereafter shall continue only upon a month to month basis as (sic) the monthly rate of rental and upon all other terms and conditions in effect for the last month of the term, until terminated by 30 days notice given by either Lessors or Lessee to the other.”
In May, 1978, Hale, Flanagan and Schmitt sold the property subject to the lease to a partnership known as Heritage Square Investments, and the rent was paid to Heritage Square after that time.
The primary term ended February 28, 1981. Trouard held over and on March 5 he paid the March rent of $308. This payment was accepted by Heritage Square.
On March 10, 1981, the owners notified Trouard by certified mail that the lease was terminated effective March 31. Trouard responded the same day, in writing, announcing his intention to exercise the two year option and enclosing $23.10, representing the difference due in the March rent based on the new option rate of 43 cents a square foot. The $23.10 check was returned with a letter repeating the owners’ demand that Trouard vacate by March 31. The April rent was tendered on March 26. The petition for eviction was filed April 8, 1981.
In this appeal, Heritage Square contends that the trial court, in holding that there was a valid option timely exercised, committed three errors, as follows:
1. The court failed to find that the language which purported to be an option did not have the requirements of an option under Louisiana law;
*311 2. The court failed to find that the lease had been properly terminated and that the option (if such existed) had also terminated;
3. The court failed in admitting parol evidence to expand a written lease.
These assignments of error will now be considered.
I. WAS THE OPTION VALID?
Appellant contends that the option contained under paragraph one of the lease is invalid because it fails to state a time period for the acceptance of the promise to extend the lease. Appellant refers the court to Civil Code Article 2462 and the cases of Becker and Associates, Inc. v. Lou-Ark Equipment Rentals Co., Inc., 331 So.2d 474 (La.1976); Smith Enterprises, Inc. v. Borne, 245 So.2d 9 (La.App. 1st Cir. 1971); writ refused, 258 La. 574, 247 So.2d 393 (1971); Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922); and Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (1916) which hold that the option to buy or sell under Article 2462 requires a specific term in which the option is to be exercised. That term can either be express or, if the option to buy arises under a contract of lease, the term for the option is impliedly the same as the term of the lease.
However, the option which is under discussion in this case is not an option to buy but an option to renew the term of a lease. Civil Code Article 2462 by its wording applies only to an option to accept or reject an offer to sell.[1] Likewise, the cases cited by the appellant under this article deal only with options to purchase.
The option to renew a lease is governed not by Civil Code Article 2462 but by Civil Code Article 1809.[2] Professor Robert A. Pascal has suggested that Article 2462 applies only to options to buy and sell, while Article 1809 applies to all options other than those to buy or sell. See Pascal, Duration and Revocability of an Offer, 1 La.L.Rev. 189 n. 47 (1938). Professor Saul Litvinoff states in the Louisiana Civil Law Treatise:
“It has been suggested that Article 2462 applies only to options to buy or sell, and not to options to enter into any other kind of contract. It is here submitted: (a) that the provisions of the article in question, insofar as the payment of a consideration is involved, are applicable only to the specific contract of option to sell; (b) that those provisions are not applicable to options relative to other contracts; (c) that Article 2462 is inapplicable to cases of simple offers, even offers to sell, as these are regulated by Article 1809.” Litvinoff, Obligations § 145 (6 La.Civil Law Treatise, 1967).
Civil Code Article 1809 provides that an offeror cannot revoke his offer without allowing the offeree such reasonable time to accept the offer which the offeror has either expressly given to the offeree or must be supposed to have intended to give to him. The option to renew a lease is an offer given by the landlord to the tenant which the tenant accepts by communicating his intention to accept within the time given by the landlord. If, as in the instant case, no time is expressly provided by the landlord for acceptance of the option, the tenant must accept the offer within the time which “from the circumstances of the *312 case [the landlord] may be supposed to have intended to give the party, to communicate his determination”. Civil Code Article 1809.
Civil Code Article 2462 requires the time for acceptance of an option to purchase to be certain, whereas Civil Code Article 1809 allows the time for acceptance of an option to renew the lease to be gleaned from the facts surrounding the granting of the option. Therefore, the failure to include a time period for acceptance does not invalidate the option to renew the lease which was granted to appellee.
II. WAS THE OPTION TIMELY EXERCISED?
Having determined that the option to re-lease was valid, we now must determine whether or not the appellee timely exercised the option. Appellant cites the cases of Mossey v. Mead, 4 La. 195 (1832); Cappiello v. Hingle, 170 La. 295, 127 So. 729 (1930); and LeBlanc v. Barielle, 25 So.2d 638 (La.App.Orl.1946) for the holding that notice of a tenant’s intention to exercise an option to renew a lease must be given before the expiration of the original term of the lease. In the LeBlanc case, the court held the landlord’s failure to immediately evict his tenant upon expiration of the lease was not an acquiescence to a renewal of the lease under an option for an extended term. Instead, the continued occupancy of the tenant after the lease expired was merely a reconduction of the lease under Civil Code Article 2688 in the case of a predial estate or Civil Code Article 2689 concerning the lease of a house or room.
In the case before us, however, the effect of Trouard’s holding over beyond the primary term of the lease was not to create a reconduction of the lease. Civil Code Article 2689 would have been applicable and would have effected a statutory reconduction of the lease had not the parties expressly provided in their contract for the possibility of Trouard holding over beyond the four year term. Paragraph 8 of the lease between Heritage Square and Trouard provides that should this happen “. . . such tenancy thereafter shall continue only upon a month-to-month basis as (sic) the monthly rate of rental and upon all other terms and conditions in effect for the last month of the term . . . ”. Since this paragraph and not Article 2689 governs the contract between the parties, the language of this paragraph needs further study.
According to the quoted language of the lease contract Trouard’s holding over did not “extend or renew the term of the lease” but did preserve “all other terms and conditions in effect for the last month of the term”. Thus, Trouard’s remaining in the leased premises upon the expiration of the primary term granted to Trouard another month in which he could exercise his option, as the right to do so was one of the “terms and conditions in effect for the last month of the term”. Therefore, since the lease expired on February 28, 1981, and Trouard exercised his option on March 10, 1981, the option was timely exercised.
III. WAS THE PAROL EVIDENCE ADMISSIBLE?
Heritage Square contends that Trouard’s right to exercise his option was cut off by the notice to vacate given to Trouard on March 10 before he attempted to renew the lease. Whether or not this argument has merit depends upon the interpretation given to further language in Paragraph 8 of the lease contract. That paragraph states that the “tenancy thereafter shall continue only upon a month to month basis . .. upon all other terms and conditions in effect for the last month of the term, until terminated by 30 days written notice given by either Lessors or Lessee to the other'’.
It is unclear at first glance whether the right of tenancy and the other rights accruing under this clause terminate 30 days after the written notice is given, or whether the giving of notice itself was intended to cut off these rights. A little reflection however shows that it would be incorrect to conclude that the right of tenancy was terminated by the giving of the notice to vacate, since this would render meaningless the thirty days stated in the contract. *313 “When a clause is susceptible of two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory”. Civil Code Article 1951.
Since it is apparent that the tenancy would terminate 30 days after the written notice is given, it must be presumed that the right to renew the lease under the option would remain in effect during the same period. Parol evidence which tends to confirm this reading of the contract was received by the trial court. William Hale, Jr., who negotiated the lease with Trouard, testified that the right to exercise the option did not terminate at the end of the primary term, but continued during the month-to-month term of the lease and that Trouard could renew the lease under the option within 30 days of his receiving the “30 days written notice” under paragraph 8.
Heritage Square contends that the trial court erred in admitting this parol evidence. We find it unnecessary to rule on this allegation of error. Under our interpretation of the contract between the parties, we come to the same conclusion as to the meaning of paragraph 8 as was testified to by Mr. Hale. Thus, if the trial court did err in admitting the testimony, the error was harmless. If, on the other hand, paragraph 8 admits of other interpretations, then the parol evidence was admissible. One of the recognized exceptions to the parol evidence rule is that parol evidence is admissible to clarify ambiguity in a written contract to show the true intention of the parties. Williams v. Natchitoches Recreational Association, 395 So.2d 343 (La.App. 3rd Cir. 1980). Since the outcome of the case would be the same whether or not the parol evidence is admitted, we need not decide whether the evidence is admissible.
CONCLUSION
Civil Code Article 1809 governs the term for acceptance of an option to renew a lease. Under that article, the “circumstances of the case” are relevant in determining the intention of the parties when no specific term for acceptance is given. Therefore, the option is not invalid for failure to state a time period for acceptance.
However, a time period for acceptance of the option can be found in the contract according to our reading of it. Under this interpretation, supported by parol evidence admitted at trial, the tenant had 30 days from the giving of notice to vacate in which to exercise his option to renew the lease, even though this notice was given after the expiration of the primary term of the lease. Therefore, Trouard timely exercised his right to renew the lease under the option clause in the contract.
For these reasons, the ruling of the trial court is affirmed. All costs of this appeal are assessed to Heritage Square Investments, Inc.
AFFIRMED.

. “A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
“One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”

. The obligation of a contract not being complete, until the acceptance, or in cases where it is implied by law, until the circumstances, which raise such implication, are known to the party proposing; he may therefore revoke his offer or proposition before such acceptance, but not without allowing such reasonable time as from the terms of his offer he has given, or from the circumstances of the case he may be supposed to have intended to give to the party, to communicate his determination.