(46 South. 107.)

No. 16,833.

STAFFORD v. RICHARD.

(Feb. 17, 1908.   Rehearing Denied April 13, 1908.)

1. VENDOR AND PURCHASER — "PROMISE OF SALE"—EFFECT—"SALE"—THE EQUIVALENT.

The promise of sale was, in effect, a sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 17.

For other definitions, see Words and Phrases, vol. 7, pp. 6291–6306; vol. 8, p. 7793.]

2. SAME—A SALE.

The acts of the parties have brought the promise to the state of an actual sale.

3. SPECIFIC PERFORMANCE—PERFORMANCE BY PLAINTIFF—PROOF TO BE MADE.

The buyer being in possession, and having paid in addition to the "earnest money" an amount on the remainder of the price, it only remains for him to prove his willingness and ability to pay the remainder of the price. After legal and sufficient proof made—and deposit of remainder, if necessary—then it will be incumbent upon the seller to sign the deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 286–298.]

4. SAME—DEED.

The buyer will be held to the necessity of proving that he has complied with all needful requirements on his part to complete the sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 383.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Specific performance by Andrew T. Stafford against Kossuth V. Richard. Judgment

for defendant, and plaintiff appeals. Reversed and remanded.

Charles Isidore Denechaud, for appellant. Eraste Vidrine and Hamilton Numa Gauthier, for appellee.

BREAUX, C. J. This is an action for specific performance. The cause is before us on an appeal from the district court sustaining an exception of no cause of action and dismissing the suit.

Plaintiff and defendant entered into an agreement—the first to buy, the latter to sell—property consisting of lots and improvements in this city.

The following is a copy of their agreement (description of the property in the original act not included):

"New Orleans, August 16, 1906.
"I, the undersigned, hereby offer the sum of sixty-nine hundred dollars ($6,900) for 1035 Peters avenue * * * street between Camp and Chesnut * * * streets, bounded, Leontine by streets measuring * * * by terms and conditions cash subject to examination of titles.
"It is understood and agreed that the offer will hold good until August 17th, 6 p. m., 1906.
"If above offer is accepted, I obligate myself to deposit with Delvaille & Co. 10% of amount offered to bind the sale.
"Act of sale before Chas. Denechaud, * * * notary public, at purchaser's cost.
"[Signed] A. P. Stafford.
"New Orleans, August 16, 1906.
"I, the owner of the above property, agree to sell same as per above offer.
"[Signed] K. V. Richard."

The amount of $690 was deposited in accordance with the agreement.

The plaintiff also paid the sum of $1,210, the latter, the defendant, acknowledged to have received.

Taking the foregoing facts as a basis, plaintiff in his petition avers that on August 16, 1906, through J. Delvaille Co., agents of the defendant, for the price before mentioned, he bought the property; that he deposited with Delvaille & Co. the said 10 per cent. and the said $1,210 "additional" amount paid to defendant; that receipts are "attached to" and form part of the petition.

That after the title had been examined he called on the defendant to complete the sale; that defendant refused to sign the deed of sale unless he "secured the amount already deposited with" his (defendant's) agent.

The defendant appeared at the notary's office in January, 1907, in accordance with plaintiff's notice to him to appear there to complete the sale "in accordance with agreement." He (defendant) refused to sign the act, stating at the time that he would not sign unless plaintiff secured the amount in possession of Delvaille & Co., his own agents.

Petitioner avers his willingness to take title and to pay the $5,000 balance of the purchase price.

He states in his petition that he has been in possession of the property since the 1st day of October, 1906.

The petition concludes by asking for judgment condemning the defendant to carry out his agreement and convey title.

Defendant in effect made the following the grounds of his exception of no cause of action:

That there is no change of title alleged, and no tender of the price; that, the agreement being a promise of sale with earnest money, there is no right in plaintiff to specific performance; and, moreover, that plaintiff's petition is vague.

The court a qua's judgment overruled the plea of vagueness, but sustained the plea of no cause of action and dismissed the suit.

For the discussion, under a well-established rule we must take the pleadings as correctly setting forth the facts pertinent to the cause.

There is a clear, positive promise of sale which has been accepted. The promise, in addition, provides for a deposit of "earnest money."

There was only one deposit made. The

amount paid about three months afterwards was in part satisfaction of the price. It was paid without condition, and nothing was said about earnest money when the amount was paid. It was incumbent on defendant to prove that it was earnest money. This he has failed to do.

Plaintiff had accepted the promise to sell, and expressed his willingness to complete the sale.

The defendant had not expressed the least wish to recede from the promise.

The promise has since been partially executed by said payment. There is more than that: The buyer has been in possession of the property since about the time that the second payment was made.

Promise to sell—with some modification—is equivalent to a sale.

We will not stop to discuss that point which has afforded a broad field to foreign jurists for extended texts upon the subject, and for expressions by them of many different and varying views. There is no necessity of discussing the modification; a mere statement of the fact that the promise of sale is equivalent to a sale will suffice, particularly when considered with the facts of part payment of the price and possession of the property.

Article 2462 of the Revised Civil Code is only referred to, to add: That a promise of sale is not necessarily equivalent to a sale, particularly if the buyer chooses to lose the money deposited on that condition, or a seller chooses to withdraw, having reserved a similar condition.

Neither the one nor the other has expressed a wish to withdraw from the contract.

From that point of view, in view of the facts before stated, there is the equivalent of a sale.

The contract has reached such a complete state as appears before the hearing of the exception that neither of the parties can be considered, at this time, to avail himself of the dissolving condition.

The defendant (as issues are now made up) is bound to transfer the property and to receive the price. With the facts before us there is nothing else to be done.

The situation, we must say, is slightly confused by one of defendant's averments; that is, as plaintiff in effect averred, that the defendant refused to sign the act unless petitioner secured the amount already deposited with defendant's agent.

Plaintiff having alleged that he had deposited the amount required with the authorized agent of defendant, and that allegation being admitted as true that it was so deposited, the defendant cannot defeat the action by contending that he has a right to compel the plaintiff to deliver to him the amount he admits was deposited with his own agent. At any rate, on the bald allegation before us, the proposition is not at all tenable. It would be extraordinary if it were possible for a principal under the circumstances to compel one with whom he has dealt to secure him against the acts of his own agent.

On the pleadings (as now appears) it only remains for the parties to complete the deed, the seller to sign it, and the buyer to pay the balance of the price. There is no alternative. But the final act must be signed; that is, the deed of sale.

It is admitted by the effect of the pleadings that plaintiff is ready, able, and willing to pay the price. In view of these facts, there is a ground of action, although plaintiff failed to allege tender.

Upon that line of the cause we will state: The defendant was notified to appear at the notary's office, where he appeared in accordance with notice. He did not urge the least objection except that regarding the amount deposited with the agent as before stated. For the reason as to this that plaintiff de-

clined to secure the amount, he refused to sign.

Plaintiff, under the allegations made, and in view of the admissions, should be allowed to prove that which he has alleged he was willing and ready to do; that is, pay the $5,000, and complete the deed.

There will be still a question for all we know about the $690, the money deposited.

We only decide the point before us as presented by the pleadings. The matter still remains open for consideration on the merits in case the defendant presents grounds.

We will state before closing that in matter of tender one must show tender, or that everything has been done to give effect to the contract. Gilbert v. Cooper, 4 Rob. 162.

In our opinion, the plaintiff has done all that could reasonably be expected to give effect to the contract. The matter of the offer and ability and willingness to actually perform must hereafter be shown by plaintiff, or else his action will fall.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed.

It is ordered, adjudged, and decreed that the case be remanded for trial on the merits, and to enable plaintiff to prove on the merits that he has done everything within the bounds of reason to give effect to his contract.

The defendant and appellee is condemned to pay the costs of this appeal. Other costs abide final decision.