For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.

(120 So. 44)

No. 29453.

**BEATROUS v. DIES.**

Nov. 26, 1928.

Rehearing Denied Jan. 28, 1929.

Hubert M. Ansley, of New Orleans, for appellant.

Deutsch & Kerrigan, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff and defendant entered into a contract, commonly called a "bond for deed," by which defendant agreed to purchase certain real estate for the sum of $43,500, to wit, $10,000 cash and the balance in six semiannual installments, represented by notes bearing 7 per cent. interest, providing for 20 per cent. attorney's fees should said notes be placed in the hands of an attorney for collection or compromise or for any other reason, and maturing all of said notes should default be made upon any one of them; and plaintiff agreed to execute a deed to said property when said purchase price should be paid in full.

Defendant paid the cash portion of the price (or its equivalent), paid two installments of $5,500 each, but defaulted on the third installment. Plaintiff therefore sues for the balance of the purchase price, to wit. $22,150, with 7 per cent. interest from January 9, 1926, and 20 per cent. attorney's fees, and (by supplemental petition filed before issue joined) offered to perform his part of the contract by executing a clear and unincumbered title to defendant.

The proposition that the petition discloses no cause of action because plaintiff does not allege that the property is clear of all incumbrances is without foundation, since the jurisprudence is that the incumbrances on property may be cleared at the moment of passing the act of sale, or deducted from such price by the purchaser, and promises of sale may be enforced as to property subject to incumbrances, where the purchase price is sufficient to discharge said incumbrances. Jaenke v.

Taylor, 160 La. 109, 106 So. 711; Kinberger v. Drouet, 149 La. 986, 90 So. 367.

In the present case the only incumbrances are one of $18,000 now reduced to $17,500, and one for $10,000 on which only $5,000 is due, say $22,500 in all; whilst defendant now owes plaintiff upon the purchase price of said property the sum of $22,150 with 7 per cent. interest for nearly three years, and 20 per cent. attorney's fees upon the whole, the aggregate of which is considerably in excess of said incumbrances.

The trial judge, in his reasons for judgment, said: "The balance due on the purchase price is more than sufficient to protect the defendant. She can retain the amount of the mortgages when she complies with the contract." And thereupon he proceeded to dispose of the case in a judgment which follows that rendered by this court in Jaenke v. Taylor, 160 La. 109, 106 So. 711.

We think the judgment correct.

### Decree.

The judgment appealed from is therefore affirmed.