MARIO MERCADO E HIJOS, Plaintiff and Appellant, *v.* ELVIRA OLIVIERI COMMINS and MANUEL FRANCISCO LLUBERAS PASARELL, ETC., Defendants and Appellees. SAME *v.* ELVIRA OLIVIERI COMMINS and EMILIO BLASINI TOTTI, Defendants and Appellees.

Nos. 8501 and 8502. Argued July 14, 1942.—Decided July 31, 1942.

*Pedro M. Porrata* for appellant. *José S. Sabater* and *José Oliver Sabater* for appellee Mrs. Olivieri Commins, and *Luis López de Victoria* and *Leopoldo Tormes* for appellees Lluberas Pasarell and Blasini Totti.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The fundamental questions involved in these appeals are the same. It is therein sought to determine the scope of a certain contractual clause and its application in connection with other contracts entered into, namely, one of sale and one of lease, in accordance wih the facts and the law.

Said questions have been three times submitted to this court, the first time in an action of unlawful detainer, the second time in motions to dismiss as frivolous the appeals taken from the judgments whereby those questions were decided in a certain way in ordinary actions, and the third time in the same appeals upon the merits.

In our judgment in the unlawful detainer proceedings we stated that unlawful detainer was not the proper remedy for disposing of them and affirmed the judgment appealed from. *Lluberas* v. *Mario Mercado e Hijos*, 55 P.R.R. 39. In our decision of the motion to dismiss we held that they were not plainly frivolous. We must finally determine them here, thus putting an end to the litigation.

The actions were commenced in the District Court of Ponce, by Mario Mercado e Hijos on the same day—April 7, 1937—that for the rescission of sale against Elvira Olivieri, Manuel Francisco Lluberas and others, and that for the rescission of lease against the same Elvira Olivieri and Emilio Blasini. We decided them by judgments dated October 6, 1941, in a single opinion.

In seeking the rescission of the contract of sale entered into between defendant Mrs. Olivieri and the Lluberas family, and its subrogation to the latter's rights, it was substan-

tially alleged in the complaint by the plaintiff that Mrs. Elvira Olivieri executed four promissory notes to holder negotiable by indorsement, secured by a mortgage upon her undivided one-half interests in the estates Juanita and Indios bounded by land belonging to the plaintiff in the municipal district of Guayanilla.

That in the same deed in which was embodied the mortgage to secure the promissory notes, Mrs. Elvira Olivieri acknowledged to be indebted to plaintiff Mario Mercado e Hijos in the sum of $41,256.89 and the latter agreed to accept the notes in payment of the aforesaid indebtedness. That it was further agreed, as part consideration of the contract, that Elvira Olivieri bound herself to grant the plaintiff priority for the sale and lease of her condominiums on the same price and conditions so long as the mortgage was in force, and that in case of a sale in violation of such agreement, the plaintiff became empowered to exercise an action of redemption, and that it was also agreed in said deed that the actual division of her joint interests in the estates Juanita and Indios could not be effected without the consent of the partnership Mario Mercado e Hijos as long as the promissory notes were not cancelled.

It is further alleged that plaintiff assigned the total of the mortgage notes to the Heirs of José Tous Soto and that when making the said assignment it was agreed with the aforesaid heirs that the plaintiff partnership would reserve to itself—as it did reserve—the right of option and redemption referred to.

That the assignment of the mortgage notes was effected on May 9, 1933, and on August 21, 1936, defendant Mrs. Elvira Olivieri and her sister Santia carried out the actual division of their jointly owned interests in the mortgaged properties, and that pursuant to the deed of mortgage, the partnership Mario Mercado e Hijos appeared in order to consent to the said division.

The preliminary facts being thus set forth, it is further alleged in the complaint that said defendants conspired among themselves with the deliberate purpose of defrauding the plaintiff and while the option clause which is transcribed in full was still effective, they sold the properties awarded to Mrs. Elvira Olivieri in payment of her condominiums, without notifying the plaintiff as to any proposals to buy the same, all the defendants being aware of the right of option held by plaintiff Mario Mercado e Hijos regarding the said estates at the time of the execution of said sale.

The plaintiff then alleges its willingness to redeem the property of the defendants who acquired it as the result of the alleged conspiracy and declares itself ready to satisfy the same amount paid by the purchasers and in order to show its good faith, encloses with its complaint and makes part thereof the record of another action to deposit money in court filed in the office of the clerk of the court, which action was brought after having requested of all the defendants to convey to it the title to the properties sold.

Defendant Mrs. Elvira Olivieri Commins filed a separate answer and the other defendants filed theirs jointly.

In the said answers the defendants admitted all the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 9, and 10 of the complaint, denied the remaining paragraphs and by way of special defense they pleaded as follows:

(a) That clause 7 of deed No. 13 of March 23, 1932, was imposed by plaintiff upon defendant Olivieri Commins while the latter was indebted to plaintiff; that at the time the said option to purchase and lease was inserted under pressure in the said deed of mortgage, the plaintiff was not a debtor but a creditor concerning said immovables; that the plaintiff could not award to itself the estates of the defendant in case of nonperformance of the contract secured by mortgage, nor could it prevent the defendant from alienating or freely disposing of such estates, and that the option clause to pur-

chase or redeem was extinguished by the fact of the payment in full by defendant Elvira Olivieri of the aforesaid mortgage credit, the plaintiff thus forfeiting the right to redemption by its assignment of the mortgage credit to the Heirs of José Tous Soto, such right of redemption therefore having prescribed by reason of the lapse of more than four years from the time of its creation (§§1397 and 1078 of the Civil Code).

(b) That said clause 7 is moreover void because the same amounts to an agreement whereby the mortgagee is empowered to award to itself the mortgagor's property upon non-performance of the contract secured by mortgage (§§ 2 and 4 of Act No. 47 of April 13, 1916, to repress usury).

(c) Because the same amounts to an agreement whereby the mortgagor is forbidden to alienate or freely dispose of her property. (Subdivision 4 of §107 of the Mortgage Law; *Van Syckel* v. *The Registrar of Property*, 3 P.R.R. 9 and *Clausells* v. *Registrar of Property*, 20 P.R.R. 298.)

(d) Because the same conflicts with §1412 of the Civil Code.

(e) Because it seeks to create a right that cannot be created, that is, a right of redemption to be exercised by someone who was not the vendor of the property but a mortgagee.

(f) Because, should such right of redemption be valid, the plaintiff failed to comply with the legal provisions as regards the tender of payment, inasmuch as such tender was made separately, instead of within the above-entitled case.

In the complaint, regarding rescission of lease, the same allegations are substantially made with the only alteration of the allegation made in paragraph 11 that Mrs. Elvira Olivieri, prior to March 8, 1937, in conspiracy with the other defendant Emilio Blasini Totti, leased to the latter the rural estate known as Juanita, which is described.

The defendants answered the complaint separately, admitting certain facts therein alleged and denying the others, and alleging also the same defenses pleaded by the defendants in the suit for rescission of sale.

After a trial in the district court of the case of rescission of sale, upon documentary and oral evidence, the parties made a stipulation to submit the case of rescission of lease on the same evidence introduced in that of rescission of sale, and then filed their briefs in both cases. The court took both cases under advisement and as the outcome of the admissions made by the defendants in their answers and of the evidence introduced by both parties and considered as a whole, the court made the following findings of fact:

"By public deed No. 13 of March 23, 1932, executed before Notary Fernando Zapater Martínez, defendant Elvira Olivieri Commins secured by a mortgage upon her condominiums in the estates Juanita and Indios, four promissory notes negotiable by indorsement which she executed, and at the same time she acknowledged to owe to plaintiff Mario Mercado e Hijos the sum of $41,256.89, and the latter partnership agreed to accept said promissory notes in payment of the amount owed.

"Said mortgage deed contained, among others, the following clause:

"'SEVENTH:—OPTION TO PURCHASE OR LEASE.—Notwithstanding the foregoing clause the debtor, as part of the consideration of this contract, agrees with the partnership Mario Mercado e Hijos, so long as the mortgage credit herein constituted is not paid, to grant it priority to purchase or lease her undivided interests in the estates Indios and Juanita upon the same price and terms. To this effect, the debtor shall advise, unless such mortgage credit is paid, by registered letter to Mario Mercado e Hijos, of any offer of sale or lease made to her and said partnership shall be granted thirty days for accepting or refusing such offer and during said period the debtor cannot sell or lease to anybody else. Should there be a sale or lease in violation of this agreement, Mario Mercado e Hijos shall be entitled to repurchase from the purchaser or lessee, which right it can exercise for thirty days from the recording of such sale or lease for subrogating itself in the place, degree or priority of the purchaser or lessee.'

"By a public deed No. 33 of May 9, 1933, executed before Notary Fernando Zapater Martínez of Ponce, the partnership Mario Mercado e Hijos consigned to the Heirs of José Tous Soto the said mortgage credit, by means of the proper indorsement and delivery by said partnership Mario Mercado e Hijos to the Heirs of Tous Soto of the four mortgage notes already referred to. It does not appear from this deed of assignment of credit that the partnership Mario Mercado e Hijos reserved to itself the rights of option to purchase or lease specified in clause 7 of deed No. 13 of March 23, 1932, which clause 7 has already been transcribed in this opinion. Nor does it appear proven that such reservation of rights was made in the registry of property in connection with the recording of the assignment of the mortgage credit.

The debtor Elvira Commins was advised of the transfer of the credit by means of an uncertified copy of the deed of assignment.

"By deed No. 30 of February 25, 1937, executed before Notary Luis López de Victoria, Elvira Olivieri Commins mortgaged the aforesaid estates Juanita and Indios for $45,000 to defendant Manuel Francisco Lluberas Pasarell, of which sum the latter retained $41,100 to satisfy the mortgage credit constituted in favor of Mario Mercado e Hijos and assigned to the Heirs of José Tous Soto.

"By deed No. 47 of March 8, 1937, executed before Notary Fernando Zapater, pursuant to the proper judicial authorization, the Heirs of José Tous Soto canceled the mortgage credit against Mrs. Elvira Olivieri Commins, which credit had been assigned to said heirs by plaintiff Mario Mercado e Hijos.

"By deed No. 40 of March 9, 1937, executed before Notary Luis López de Victoria, defendant Elvira Olivieri Commins sold for $40,000 the estate Indios to the other defendant Manuel Francisco Lluberas Pasarell.

"By another deed, that is, deed No. 41 of the same date, March 9, 1937, and executed before the same Notary López de Victoria, Elvira Olivieri Commins leased to the other defendant Emilio Blasini Totti the rural estate known as Juanita.

"In deed No. 72, executed in Ponce before Notary Fernando Zapater on March 31, 1937 (that is, subsequent to the cancellation of the mortgage by the Heirs of José Tous Soto), it was set forth by said heirs that 'the conveyance made by the partnership Mario Mercado e Hijos to said heirs did not include the right or rights set out in favor of Mario Mercado e Hijos in clause 7 regarding "Option to Purchase or Lease" contained in mortgage deed No. 13 of March

23, 1932, (Plaintiff's Exhibit 'J') ; Mario Mercado e Hijos reserving to itself the rights and obligations mentioned in said clause during the whole time of the life of the mortgage.'

"Deed No. 72, *supra*, was approved by this District Court of Ponce, according to judgment rendered on April 7, 1937, in civil case No. 299 of this court (Plaintiff's Exhibit 'E').

"By deed No. 7 of April 7, 1937, executed before Notary Pedro M. Porrata, demand was made on Elvira Olivieri Commins to receive a certain sum of money pursuant to said clause 7 regarding option to purchase or lease but Elvira Olivieri Commins refused to accept the money. Thereupon the partnership Mario Mercado e Hijos, on April 8, 1937, deposited in the office of the clerk of this district court pursuant to proceedings in case No. 310, the sum of $45,359.50, as per receipt No. 702 of the clerk (Plaintiff's Exhibit 'H').

"The plaintiff then, on April 8, 1937, filed the complaints in cases Nos. 311 and 312, regarding rescission of sale and rescission of lease, respectively.

'It has also been shown that according to deed No. 73 of August 20, 1936, (while the mortgage credit transferred to the Heirs of José Tous Soto was still in force), the partnership Mario Mercado e Hijos intervened in said deed No. 73, regarding Actual Division of Rural Estate and other particulars, which deed was executed before Notary Tomás Paz Ruiz (Plaintiff's Exhibit 'A') and gave its consent for said partition of property held in common.

"It has also been shown that neither Elvira Olivieri Commins nor any of the defendants, nor anybody else in their behalf, informed the plaintiff herein, Mario Mercado e Hijos, in any way of the lease and sale of the estates Juanita and Indios, either before or after the consummation thereof, Mario Mercado e Hijos becoming aware of such deals on March 10, 1937. And that the said partnership always was and is now ready to subrogate itself in the place of the purchasers and lessees of said estates for the same price and rentals and on the same terms as those of the contract of sale and lease whose rescission is now sought.

"It also appears to have been shown that both Elvira Olivieri Commins and all the other defendants in cases Nos. 311 and 312 were advised, prior to the execution of the contract of sale and lease, of the right of option to purchase or lease held by Mario Mercado e Hijos concerning the estates Juanita and Indios.

"From the testimony of Elvira Olivieri Commins (p. 55 of the Transcript of Evidence) it appears as a fact that she author-

ized her son-in-law Rafael Barletta to enter into negotiations with Mario Mercado e Hijos for the lease or sale of the estates Juanita and Indios.

"From the testimony of José R. Peralta, manager of the plaintiff partnership, (p. 135 *et seq.* of the Transcript of Evidence), and from certain telegrams and letters mentioned in said testimony and which were admitted in evidence, it appears proven that from December 1936, until May 8, 1937, Rafael Barletta and the partnership Mario Mercado e Hijos held conversations and meetings in regard to the possible purchase and lease of the said immovables from Elvira Olivieri Commins by the plaintiff partnership."

Having made the foregoing findings of fact, the court proceeded to determine the questions of law as follows:

"Counsel for both sides raised and discussed seven questions of law in their respective briefs.

"We have studied and considered them all, but in our judgment the most important of them for the determination of the present cases, are as follows:

" '1.—Whether or not the plaintiff showed conspiracy and fraud on the part of the defendants for the purpose of cheating the said plaintiff out of its rights in connection with said clause 7 of option to purchase or lease.

" '2.—Whether or not clause 7 of said deed regarding the option to purchase or lease binding the said mortgagor in favor of the said partnership became extinguished by virtue of the payment of the mortgage executed by Mrs. Elvira Olivieri Commins in favor of Mario Mercado e Hijos (Plaintiff's Exhibit "J").

" '3.—Whether by virtue of the conveyance from Mario Mercado e Hijos to the Heirs of José Tous Soto of the mortgage credit referred to in plaintiff's exhibit "J" the rights set forth in said clause 7 of option to purchase or lease were also conveyed.'

"For a logical consideration of the above legal questions we will invert the order of their presentation and we will begin with question No. 3.

"Article 152 of the Mortgage Law reads as follows:

" 'A mortgage credit may be conveyed or assigned to a third person in whole or in part, provided it be effected by means of a public instrument, notice of which is given to the debtor, and that it be recorded in the registry.

"'The debtor shall not be bound by said contract to any further extent than he was by his own.

"'The assignee *shall be subrogated to all the rights of the assignor.'* (Italics ours.)

"The terms stipulated in the deed of assignment of the mortgage credit are very explicit and do not leave any room for doubt as to the intention of the contracting parties, and therefore the literal sense of its stipulations shall be observed (§1233 of the Civil Code, 1930 ed.) and there should not be understood as included in said contract things and cases different from those with regard to which the persons interested intended to contract (§1235 of the same code). (*Sweet* v. *Zalduondo,* 26 P.R.R. 307; *Loíza Sugar Co.* v. *Hernáiz,* 35 P.R.R. 474; §26 of the Law of Evidence.)

"According to §1759 of the Civil Code, the mortgage is essentially indivisible. The option to purchase or lease was substantially a part of said contract and, therefore, it was inseparable from the mortgage. (*Llinás* v. *Mariani,* 47 P.R.R. 543; *Montilla* v. *Van Syckel et al.,* 8 P.R.R. 153; *Puente* v. *Pérez et al.,* 7 P.R.R. 181.)

"Section 1418 of the Civil Code reads as follows:

"'The sale or assignment of a credit includes that of *all the accessory rights,* such as the security, mortgage, pledge, or *privilege.'* (1930 ed.) (Italics ours.)

"In his Commentaries on the Civil Code, Vol. 10, pages 402–409, and referring to §1418 *et seq.* of said code (1930 ed.), Manresa, among other things, says:

"'Now then, if nothing is expressly provided, it is logical to presume, as the law presumes, *that the assignment of a principal right includes also the accessory right, which is in the nature of a supplement to the former.'* (Italics ours.)

"'We do agree that in the case of assignment of a credit subject to a resolutory condition, whose fulfillment depends upon the will of the creditor, the latter cannot, after such credit is assigned, enforce the fulfillment of such condition. Firstly, because in making the assignment he ceased to be a creditor. And secondly, because the assignment presupposes, the waiver of his right which becomes incompatible with such waiver.'

When Mario Mercado e Hijos assigned the said mortgage credit to the Heirs of Tous Soto it made a special stipulation in regard to the interests on the credit, but it failed to make any reservation in regard to the clause of option to purchase or lease. Nor was said clause mentioned by the Heirs of Tous Soto when *it applied*

to this court for leave to become the assignee of the credit, nor when leave was sought for the cancellation of said credit by said heirs.

"Neither deed No. 72 of May 31, 1937, executed before Notary Zapater, regarding ratification of the mortgage credit by the Heirs of Tous Soto (Plaintiff's Exhibit 'F'), nor proceeding No. 299, before this court regarding the approval of said deed, has any weight in the present cases, because said deed No. 72 was executed after the total cancellation of the mortgage credit by the Heirs of Tous Soto.

"For the foregoing reasons, we come to the conclusion that 'when Mario Mercado e Hijos conveyed to the Heirs of Tous Soto the mortgage credit, it also conveyed the rights embodied in clause 7 of option to purchase or lease'.

"Legal question No. 2, after the above considerations relating to question No. 3, is decided by us in the affirmative, and we reach the conclusion that 'clause 7 of deed No. 13 of March 23, 1932, (Plaintiff's Exhibit 'J') in regard to the option to purchase or lease, became extinguished by virtue of the payment of the mortgage constituted by Elvira Olivieri Commins in favor of Mario Mercado e Hijos'. (§1110 of the Civil Code, 1930 ed..)

"We will now pass upon legal question No. 1, that is, 'whether or not the plaintiff proved conspiracy and fraud on the part of the defendants for the purpose of cheating the said plaintiff out of its rights in connection with said clause 7 of option to purchase or lease.'

"The court having reached the two conclusions previously stated when affirmatively deciding the legal questions Nos. 3 and 2, it is unavoidably bound to hold that Mario Mercado e Hijos, when bringing these actions on April 8, 1937, had no right or interest in the mortgage previously constituted in its favor by Elvira Olivieri Commins and which Mario Mercado e Hijos had assigned to the Heirs of José Tous Soto.

"*       *       *       *       *       *       *

"'Fraud must be proved by incontestable facts, or at least by a preponderance of evidence, for it can not be established by presumption, conjecture or suspicion.' (*Gómez* v. *Bravo et al.*, 34 P.R.R. 141; *Arruza* v. *Laugier*, 14 P.R.R. 24.)

"'Every presumption being against fraud, and something more than a mere conjecture being necessary to establish its existence, it must be shown by means of clear, strong and convincing evidence.' *Ortiz* v. *Clausells et al.*, 34 P.R.R. 509.

" 'A judge should not be impressed by a charge of fraud to the extent of exalting the importance of every fact on which suspicion may be raised of its having been committed and disdaining more logical deductions compatible with good faith.' *Sabalier* v. *Iglesias et al.,* 34 P.R.R. 338.

"The court comes to the conclusion that neither conspiracy nor fraud on the part of the defendants against the plaintiffs in these cases has been shown.

"Having reached the foregoing conclusions, the court deems it unnecessary to consider the other questions of law raised and discussed in the present cases by counsel for both sides."

The judgments were entered accordingly and in both cases the plaintiff appealed to this court. Several briefs were filed and two hearings have been held in which the questions involved were discussed from every conceivable angle. In our opinion the findings of fact of the trial court still stand and its conclusions of law remain unaffected.

■ In a supplemental brief filed by the appellant, the following citation is made:

"The recording of an instrument granting an option as required by law is, of course, constructive notice of the option to a subsequent purchaser. *Chesbrough* v. *Vizard Invest. Co.,* (1913), 156 Ky. 149, 160 S.W. 725; *Kinberger* v. *Doruet* (1921), 149 La. 986, 90 So. 367; *Guerin* v. *Sunburst Oil & Gas Co.,* (1923), 68 Mont. 365, 218 Pac. 949. In the case last cited the court said:

" 'Since the option was an instrument entitled to be recorded, and was recorded as prescribed by law, it imparted constructive notice of its contents to Mrs. Guerin, who was a subsequent purchaser of the property affected by the option, from the time it was filed with the county clerk of Toole county on December 9, 1921, Section 6934, above. One who purchases land from the owner after the recording of an option given by the owner to another person to purchase the same land takes with constructive notice of the option, and cannot claim to be an innocent purchaser.' "

If the plaintiff when assigning its promissory notes to the Heirs of Tous Soto had expressly reserved to itself the right of option and if when recording the assignment it had recorded such reservation in the registry, then it would have

been entitled to claim knowledge of such reservation on the part of defendants with all the consequences that might arise as against them. The record of the original contract in the registry and that of the second contract without any reservation in regard to an option, entitled the defendants to proceed as regards the plaintiff in accordance with their construction of the statute. And we have already seen that according to the statute the assignment without reservation of the mortgage notes carried with it the transfer of the option. Therefore, if the defendants resolved to assume any risk towards the plaintiff when acting in the way they did, such risk entirely disappeared in the light of the applicable legal provision.

The appeals must be denied and the judgments appealed from affirmed.