367 So.2d 79 (1979)
GOODYEAR TIRE & RUBBER CO.
v.
John E. RUIZ, Sr.
No. 9712.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1979.
Rehearing Denied February 15, 1979.
*80 Chaffe, McCall, Phillips, Toler & Sarpy (William F. Grace, Jr.), New Orleans, for plaintiff-appellant.
Charles E. McHale, Jr., New Orleans, for defendant-appellee.
Before STOULIG, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
The Goodyear Tire & Rubber Company has appealed from a summary judgment dismissing its suit against defendant to compel specific performance of an agreement to sell to Goodyear property owned by defendant.
In March, 1971, defendant leased his property to Goodyear under terms which obligated defendant to construct a building which Goodyear would occupy and use as a retail tire store. The lease would be for a primary term of fifteen years commencing after the building was ready for occupancy and Goodyear had two options to extend the lease for five years each. The building was completed and the primary term commenced on December 1, 1973, at a monthly rental of $2,668.79.
On December 20, 1976, Goodyear addressed a letter to defendant relative to the lease, containing the following proposal:
"In consideration of the mutual benefits expected to accrue to each of the parties thereto, it is hereby proposed that the following paragraph shall be added to said lease:
Lessee shall have, and the Lessor hereby grants to the Lessee, the exclusive right at its option, at any time during the twelve (12) month period beginning January 1, 1977, to purchase the aforesaid premises for the sum of $400,000.00 to be paid to the Lessor, upon tender by the Lessor of a good and sufficient warranty deed conveying to the Lessee the fee simple of the said premises, free and clear of all liens and encumbrances except such as have been made or suffered by the Lessee, and except taxes and assessments becoming payable thereafter, and this lease.
In case the Lessee shall elect to purchase said premises, it shall signify its intention so to do by serving not less than 120 days' written notice upon the Lessor; and Lessor shall thereupon promptly deliver to the Lessee, concurrent with the tender of the deed, title guaranty showing the title to be as above provided; provided always, however, that Lessee's right to so purchase is expressly conditioned upon the faithful performance and observance by the Lessee of all the covenants, agreements, and conditions on its part herein contained, and the payment to the Lessor of the rental hereby reserved up to the date of the completion of said purchase.
All rights of Lessee may be assigned without restriction and without Lessor's consent.
All other terms and conditions of said lease, as amended, shall remain in full force and effect.

*81 In the event that the lease is assigned the Goodyear Tire & Rubber Company will not be absolved of any obligations presently existing in connection with the lease of March 22, 1971.
Please indicate your acceptance of the foregoing proposal by signing the attached carbon copies of this letter and returning them to The Goodyear Tire & Rubber Company, 1144 East Market Street, Akron, Ohio 44316, Attention: Real Estate Department."
Defendant did sign and return the copy indicating his agreement.
This agreement was identical to an earlier agreement made in November, 1976, except that the right of Goodyear to assign its rights was added in the later agreement.
On February 23, 1977, Goodyear notified defendant "of its election to exercise its option to purchase said premises on or about June 30, 1977." On June 13 proper tender was made by Goodyear to defendant of the purchase price, whereupon defendant declined to sell the property, and the instant action followed thereafter.
Defendant moved for a summary judgment based upon the documents of record. He took the position that there was no consideration given by Goodyear for the option, so that the agreement was not binding upon him and unenforceable by Goodyear. Goodyear took the position that the option was an amendment to the lease and the lease itself afforded consideration for the option. Alternatively, Goodyear contended that the December, 1976, agreement was an offer by defendant to sell the property to Goodyear and was accepted by it before it was withdrawn by defendant so that it ripened into a valid and enforceable agreement to buy and sell the property.
In dismissing Goodyear's suit the trial judge gave the following reasons for his judgment:
"Although the document is couched in terms that purport to make it an extension of an amendment to the existing lease between the parties, it succeeds only in placing a unilateral burden upon the defendant. He is obligating himself; plaintiff is not assuming any burden whatsoever. The benefits accruing to the parties from the lease agreement are neither altered, amended, nor enhanced by the purported amendment of December 20, 1976. As stated hereinabove, no interpretation is possible save that of its being an option to purchase unsupported by consideration, in line with the jurisprudence and codal articles relating hereto, the court considers this to be a nudum pactum and therefore unenforceable by either party."
LSA-C.C. Art. 2462 provides the codal authority for an option agreement as follows:
"One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party. (As amended by Acts 1910, No. 249; Acts 1910, 2nd Ex.Sess., No. 3; Acts 1920, No. 27.)" (Emphasis supplied)
These provisions authorizing the option first came to the Civil Code by Act 249 of 1910, and in its original form was identical except that as originally enacted the article provided in lieu of the emphasized portion above the words "for value."
Goodyear seems to concede that there must be some consideration for an option, but contends that the substitution of the words "any consideration therein stipulated" for the words "for value" clearly indicates the legislature's intent to provide that an option would be binding on the parties for only the slightest identifiable consideration.
Goodyear relies on Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922) as authority for the proposition that the lease itself between the parties afforded sufficient consideration to support the option. It takes *82 the position that the so-called amendment which added the option agreement made the option an integral part of the original lease and therefore the rule of the Kinberger case applies.
We cannot accept Goodyear's position on this point. At the time this option agreement was entered into defendant's property was under a long-term lease to a solid tenant for a substantial rental. The option agreement was something entirely new and was not mentioned or contemplated when this lease was executed more than five years previously. The rule of Kinberger contemplates that the two parties considered the option at the same time the lease itself was being considered, so that the option given to the tenant was a part of a package of benefits being exchanged for those flowing to the lessor. Under these circumstances, there is no question but the lease provides the consideration for the option. But those circumstances do not exist in the instant case, and simply because the option agreement was called an amendment to the lease does not change its character.
The only real consideration suggested by Goodyear to support the option agreement was the lease. Since we have concluded that Goodyear's argument on this point has no merit we conclude, as did the trial judge, that the option agreement is a nudum pactum and is unenforceable by Goodyear. However, the case does not end on this issue. The other point made by Goodyear, and one not specifically dealt with by the trial judge, is that defendant's granting the option was a continuing offer on his part to sell his property to Goodyear, and when Goodyear accepted that offer it ripened into a binding agreement to buy and sell the property.
In support of this position Goodyear relies on Moresi v. Burleigh, 170 La. 270, 127 So. 624 (1930) in which the Supreme Court was confronted with the question of an option's validity based upon the question of consideration and concluded that the option was valid because it was supported by some consideration, although slight. The court went on to say:
"However, even though consideration be totally lacking, which is clearly not the case here, the offer to sell was accepted before being withdrawn and by reason of its acceptance became a binding contract enforceable against either party."
Defendant's argument that this is pure dicta is well taken because the statement was entirely gratuitous on an issue which did not have to be addressed and after the case had already been decided quite definitively. Nevertheless, the statement represents the last expression by the Supreme Court on the issue which Goodyear has raised and it is not within the province of this court to ignore the statement. This is so even though the Moresi case appears to be in conflict to some extent with Glover v. Abney, 160 La. 175, 106 So. 735 (1925), decided just five years previously by the Supreme Court.
Defendant relies heavily upon the Glover case, but we are not persuaded by the case for several reasons. First, because, as already stated, the language of the Moresi case is in conflict and is the last expression of the Supreme Court. Second, the Glover case arose between 1910 and 1920, so that Art. 2462's "for value" was the test for adequate consideration for an option. Third, the facts of the Glover case show that the purported option was an entirely gratuitous, unilateral declaration on the part of Abney. Four years later one of the original supposed optionees, together with the heirs of the other, attempted to take up the option. In the instant case, we are dealing with a signed agreement between two sophisticated parties, and one which was voluntarily entered into by defendant after a great deal of time was available to him for reflection. Goodyear's attempt to exercise the option took place only a month after the option was agreed upon.
We have concluded that there is some wisdom in the statement quoted above from the Moresi decision. The essence of an option from the standpoint of the optionor, is the offer to sell the property. When that option is purchased by the optionee it is still simply an offer to sell but is now irrevocable *83 for the term specified in the agreement. Ordinarily, an offer may be withdrawn at any time before it is accepted, C.C. Art. 1801 et seq. The option simply adds the ingredient of irrevocability to the offer to sell. Defendant was free to withdraw his offer at any time until Goodyear accepted it, at which time the matter ripened into an executory agreement to buy and sell.
Since this matter is before us on a summary judgment dismissing plaintiff's suit, we reverse that judgment and remand the case to the trial court for further proceedings consistent with this opinion. The questions of defendant's withdrawal vel non of his offer to sell and the acceptance vel non of that offer by Goodyear are factual issues to be decided by the trial court. The costs of this appeal are to be borne by defendant, and all other costs are to await the final outcome of the case.
REVERSED AND REMANDED.