HARDY, Judge.
This is an action by plaintiff to rescind and annul a contract granting an option to purchase. Defendant interposed an exception of no cause and no right of action. From judgment sustaining the peremptory exception of no cause of action and dismissing plaintiff’s suit, plaintiff has appealed.
Copy of the written contract granting the option to purchase was attached to plaintiff’s petition and made a part thereof. Under the provisions of this agreement executed March 8, 1966, plaintiff, John P. Davis, in consideration of the payment of $100.00, granted, bargained and sold to the defendant, John C. Bray, an option to purchase a certain described tract of land containing approximately 7.1 acres located in Caddo Parish, for a consideration of $60,000.00, provided that the option so granted be exercised on or before July 8, 1966, a period of four months following the execution of the agreement.
The ground upon which plaintiff sought the cancellation and annulment of the option contract is specified in brief of counsel for plaintiff before this court as follows:
“The purpose of this suit is to annul and set aside said option on the ground that the consideration of $100.00 is insufficient to support it.”
Defendant's exception was predicated upon the contention that the option agreement at issue was valid and binding under R.C.C. Article 2462, which specifically provides that an option may be purchased “* * * for any consideration therein stipulated * *
The amendments to Article 2462 effected by Acts of the legislative sessions of 1910 and 1920, engrafted upon our codal provisions the common law concept of the option to purchase. In view of the specific provision, quoted supra, it follows that plaintiff’s claim of insufficiency of consideration is without merit.
The issue presented in this case has been so definitely and conclusively disposed by our Supreme Court in Moresi v. Burleigh et al. (1930), 170 La. 270, 127 So. 624, as to preclude the necessity for detailed discussion.
The judgment appealed from is affirmed at appellant’s cost.