AYRES, Judge.
This is an action to reform and to enforce, as reformed, an option to buy a tract of land comprising, as shown by a survey- or’s plat, 7.01 acres. Plaintiff contends, through error in its confection, the option omitted, from the description of the property intended to be sold, a portion thereof containing .17 of an acre. Defendant denies any intent to sell this small portion of the tract. After trial, there was judgment in plaintiff’s favor correcting the option so as to include the property allegedly omitted in its confection and ordering the option as reformed enforced. From this judgment defendant appealed.
The whole of the property, comprising a part of the H. S. Dennis Estate Subdivision, lies south of and adjoins the south boundary line of the right of way of Interstate-20 and lies between Service Road on the east and Dixie Boulevard on the west, forming a parallelogram 678.2 feet in width, bounded on the east and west by approximately parallel lines extending 335 feet on the west and 543.2 feet on the south from the interstate boundary. The south boundary is approximately perpendicular to the aforesaid east and west boundaries.
The area in contest consists of a triangular section beginning near but slightly northeast of the northwest corner of the tract, thence running easterly a distance of 196 feet, thence north, at an apparent right angle, a distance of 61.86 feet to the south boundary of the interstate highway and thence southwesterly along the highway boundary to the point of beginning. A more detailed and accurate description of the property by metes and bounds and as determined by a survey is contained in the pleadings and in the judgment.
Defendant acquired this property in two separate transactions. The larger, acquired April 17, 1962, and the smaller, February *829 16, 1966 were referred to on the Tax Assessor’s plat as Tracts 63 and 62, respectively. Under date of February 18, 1966, by letter agreement, defendant listed property for sale with Charles T. Hall, realtor, whose associate is James E. Herndon. The material portion of this agreement is set forth in the following language:
"This will constitute your exclusive authority to sell my property located at Service Road near Buncombe Road. * *
“The listed price of my property is $60,-000.00. You are to submit all offers to me for my consideration.
“To be included in the purchase price are approximately 7 acres.” (Emphasis supplied.)
After negotiations conducted by the realtor through his associate with both plaintiff and defendant, an option was prepared by the associate which was signed by plaintiff and defendant March 8, 1966, whereby, for a consideration of $100 cash, defendant agreed to sell to plaintiff on or before July 8, 1966, for a price of $60,000, property described therein as:
“A TRACT OF LAND CONTAINING APPROXIMATELY 7.1 ACRES, MORE OR LESS, KNOWN AS TRACT 63 ON PAGE 898-A, ASSESSORS COUNTRY PLAT, RECORDS OF CADDO PARISH, LOUISIANA, TOGETHER WITH ALL BUILDINGS AND OTHER IMPROVEMENTS THEREON.”
Defendant apparently, as early as the day following the execution of the option, became dissatisfied when, in discussing the matter with neighbors and friends, he was told he had made a “bum deal” and was not getting an adequate price for the property. Defendant accordingly sought, through action in court, an annulment of the option on a basis of the insufficiency of the consideration. This demand was rejected as without merit in Davis v. Bray, 191 So.2d 774 (La.App. 2d Cir. 1966).
That plaintiff timely elected to exercise the option and called upon defendant for a deed to the property is apparently conceded, as no issue is presented on that point.
There is no question but that plaintiff, in signing the option, intended to buy the whole of plaintiff’s property at the location specified. No issue is presented to the contrary. His testimony is corroborated by the associate realtor who personally pointed out to plaintiff the whole of the property surrounded by fences, or vestiges of fences, and as described on the Assessor’s plat as Tracts 62 and 63. This was the same property, the associate realtor testified, that was pointed out to him by plaintiff as the property offered for sale.
Testimony of the associate realtor and that of defendant as to the property to be sold is, of course, in conflict. The former testified that defendant pointed out, as the property to be sold, the entire tract designated or described as Tracts 62 and 63 on the Assessor’s records. Davis, to the contrary, testified he not only had no intention of selling Tract 62 but did not intend to sell that portion in Tract 63 east of Tract 62 extending to the Service Road, notwithstanding the option made no such exception. Additional facts and circumstances support and corroborate the testimony of the associate realtor. Listing of the property was delayed until defendant acquired the smaller tract. The listing was then made two days after recordation of the deed conveying the smaller tract to defendant. The listing itself made no exception. Defendant authorized the realtor to sell “my property located at Service Road near Buncombe Road.”
The question presented for resolution is one purely factual in character. We are convinced, from our review of the record, that defendant' intended to sell and plaintiff intended to buy the property described on the Assessor’s plat as Tracts 62 and 63. The error in the confection of the deed was mutual on the part of both plaintiff and defendant. Their intentions were clear and *830 in harmony. The trial judge who saw and heard the witnesses reached the same conclusion. We find no error in either his findings or conclusions.
For these reasons, the judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.