CUTRER, Judge, ad hoc.
Robert Farris sued Interstate Enterprises, Inc. to have a lease and option agreement declared null and void. After trial on the merits there was judgment upholding the validity of the lease but invalidating the option portion of the agreement. From this judgment Interstate Enterprises, Inc. appeals. No answer was filed nor was an appeal taken by Farris. We conclude that the option agreement is valid, and we reverse in part and affirm in part.
The plaintiff owns an 80-acre tract of land in Tangipahoa Parish. On February 22, 1964, the plaintiff entered into an option to lease with Joseph L. Mauroner, president and majority stockholder of the defendant corporation. The option was granted for a period of 1 year and for a paid consideration of $1,000.00. Under the *231 terms of the agreement, Mr. Mauroner was authorized to transfer the option, and the said option was transferred to the defendant corporation. Pursuant to the terms of the option, on January 6, 1965, the plaintiff executed a lease in favor of the defendant, Interstate Enterprises, Inc., with Joseph L. Mauroner signing as president of said corporation. Under the terms of the lease defendant leased 10 acres of the 80-acre tract for a period of 15 years at a monthly rental of $300.00. In the same instrument the plaintiff granted the defendant an option to purchase, at the end of the primary term of the lease (15 years), the 10 acres plus the remaining 70 acres, not covered by the lease, for a sum of $80,000.00. The lease further provided that at the end of the 15 years, if the defendant did not purchase the property, it would have the right to extend the primary term of the leased 10 acres for an additional 15 years at a monthly rental of $300.00 per month.
Plaintiff alleged that the lease portion of the agreement was null and void as it was based upon a potestative condition, error and mistake, and that the option was void for lack of consideration and was subject to lesion beyond moiety. Plaintiff further sought damages for acts committed by the defendant and for attorney fees.
In addition to the answer of general denial, the .defendant filed an exception of no cause of action with regard to plaintiff’s allegation of lesion on the ground that until defendant attempts to exercise his option no action of lesion lies under LSA-C.C. Article 1861. The trial court overruled defendant’s exception and he re-urges it. on appeal.
The trial court rendered written reasons for judgment in which he upheld the lease portion of the agreement and disallowed damages, but held that the option was invalid for lack of consideration.
Since the plaintiff has neither appealed nor answered the appeal that portion of the trial court’s judgment upholding the validity of the lease and disallowing damages must stand. LSA-C.C.P. Articles 2082 & 2133. Stevens v. Stevens, 206 So.2d 558 (La.App. 1st Cir. 1968); Pierece v. Hartford Accident & Indemnity Company, 184 So.2d 241 (La.App. 1st Cir. 1966). We find appellee’s argument to the contrary, which comes to us by means of supplemental brief, without merit.
We are therefore only concerned with the validity of the option. In ruling on the option to purchase the trial judge held as follows:
“ . . . An examination of the option to lease and the lease fails to reveal any language which indicates that lessee is purchasing any offer or promise to sell. Furthermore no consideration for such right is mentioned in either instrument. While a lease in itself is 'sufficient consideration for a option, in this case the lease only covers 10 of the 80 acres mentioned in the option. The Court is' of the opinion that there was no compliance with Article 2462.”
With this conclusion we must disagree.
Article 2462 LSA-C.C. is clear and unambiguous. Article 2462 reads:
“ . . . One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration [emphasis supplied] therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; . . . ”
It is to be noted that the article does not require adequate consideration or sufficient consideration, but “any consideration.” Davis v. Bray, 191 So.2d 774, 775 (La.App. 2d Cir. 1966); Moresi v. Burleigh, 170 La. 270, 127 So. 624 (1930).
The consideration for the option in this case was the lease itself. Paragraph three (3)of the lease agreement expressly pro *232 vides that the lease is consideration for the option. It reads as follows:
“3. In consideration of the within lease, the TENANT is given the exclusive and irrevocable option and privilege to purchase . . . ”
It is well settled in the jurisprudence of Louisiana that a lease is in itself sufficient consideration for an option to purchase immovable property. Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922) ; Murphy v. Hussey, 117 La. 390, 41 So. 692 (1906). Not only is a lease consideration for an option to purchase the leased property, but it will also act as consideration for the option to purchase additional lands. In Kin-berger v. Drouet, supra, it was held that a lease is sufficient consideration for an option to purchase. In the Kinberger case, supra, the option covered the lease land 173 acres, plus an additional 34 acres.
It is our opinion a lease of 10 acres for $300.0Q per month for IS years is not only “any consideration” but is sufficient consideration for an option to purchase the entire 80-acre tract.
We conclude further that the trial court erred when it overruled the defendant’s exception of no cause of action. Lesion beyond moiety is defined as “the injury suffered by one who does not receive a full equivalent for what he gives”. LSA-C.C. Article 1860. The application of the doctrine of lesion is limited by LSA-C.C. Article 1861 which reads:
“The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
“1. In partition where there is a difference in the value of the portions to-more than the amount of one-fourth to the prejudice of one or (of) the parties;
“2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.”
The above article reflects that lesion does not apply to an option to purchase. This is further borne out by LSA-C.C. Article 2590 which provides as follows:
“To ascertain whether there is a lesion beyond moiety, the immovable must be estimated according to the state in which it was, and the value which it had at the time of the sale, or at the time the option was granted if the sale be made pursuant to a valid contract of option.”
It has been held that there need not be a completed sale, but that the doctrine of lesion may be pleaded as a defense to a suit for specific performance, Lakeside Dairies, Inc. v. Gregersen, 217 La. 510, 46 So.2d 752 (1950), reversed on other grounds in 221 La. 503, 59 So.2d 701 (1952). The application of the lesion doctrine, however, has not been extended to an option to purchase before there is an attempt to exercise same. The Lakeside Dairies case, supra, wherein the court ruled that the doctrine of lesion may be pleaded as a defense to a suit for specific performance under an option to purchase, the court went on to say:
“Had there been no exercise of the option with a resultant contract of sale clearly plaintiff’s petition would set forth no cause of action.”
Having concluded that an option to purchase an immovable cannot be attacked on the ground of lesion, the trial court was in error when it overruled the exception of no cause of action. This exception should have been granted and the action for lesion dismissed.
For the foregoing reason the trial court’s judgment upholding the validity of the lease is affirmed. That portion of the judgment nullifying the option for lack of consideration, and overruling the defendant’s exception of no cause of action as to the attack for lesion is hereby reversed. The *233 plaintiff is cast for all costs of the court below as well as the costs of this appeal.
Affirmed in part, reversed in part and rendered.