HALL, Judge.
Judgment in the first suit between these parties granted specific performance of an option to purchase and ordered Mitchell to convey the property involved to Bertolla.[1] *655 After that judgment became definitive, and while a second suit between the parties was pending, the buyer Bertolla filed this third suit seeking to be vested with title to the property upon deposit, of the purchase price in the registry of the court, alleging the seller Mitchell had refused to convey title as ordered by the previous judgment.
In this third suit, Mitchell filed an exception of lis pendens based on the pendency of the second suit, which had been filed by Mitchell against Bertolla seeking cancellation of the option on the grounds of fraud, lack of consideration, and other grounds, and which second suit had been dismissed on an exception of lis pendens and was pending on appeal.[2] The exception of lis pendens in this third suit was overruled.
Mitchell answered this third suit and also asserted a reconventional demand attacking the validity of the option on substantially the same grounds of fraud, lack of consideration, and other grounds asserted in the second suit mentioned above and in footnote 2. Mitchell prayed for judgment declaring the option null and rejecting plaintiff’s demands.
Bertolla filed an exception of res judicata to the reconventional demand in this third action based on the judgment rendered in the first suit ordering specific performance of the option. The exception of res judicata to the reconventional demand was sustained, but no judgment dismissing the re-conventional demand was signed at that time.
After trial on the principal demand, judgment was rendered in favor of Bertolla decreeing that title to the property be vested in him upon his depositing the $80,000 sales price in the registry of the court within 60 days after finality of the judgment, and containing provisions relative to the payment of mortgages and judgments affecting the property out of the money so deposited. No mention was made of the reconventional demand or the exception of *656 res judicata in the signed final judgment.[3] Defendant Mitchell perfected suspensive and devolutive appeals.
The record on appeal was not lodged in this court for more than two years after judgment was signed, apparently because the tapes of the evidence were misplaced for a period of time. In the meantime, the second suit filed by Mitchell against Bertol-la seeking cancellation of the option for fraud and other grounds wound its way through the Court of Appeal and the Supreme Court. As mentioned in footnote 2, the Supreme Court reversed the decision of the trial court which sustained an exception of lis pendens and the decision of the Court of Appeal which sustained an exception of no cause of action, holding that the judgment in the first suit was not res judicata and remanding the case for further proceedings. That second suit is currently pending in the district court.
On the appeal before this court, both parties agree that the decision of the Supreme Court on the res judicata issue is controlling, and that the trial court erred in sustaining the exception of res judicata to the reconventional demand in this case. Appellant Mitchell prays that the judgment rendered in favor of appellee Bertolla be reversed and that the case be remanded for further proceedings on the principal and reconventional demands. Bertolla concedes the judgment sustaining the exception to the reconventional demand should be reversed, but contends only that part of the judgment should be reversed and the case remanded for consideration of the recon-ventional demand alone, in consolidation with the second suit pending in the district court.
The precise issue before us, in view of the trial court’s erroneous dismissal of the re-conventional demand on an exception, is whether only that part of the judgment should be reversed and the case remanded for further proceedings on the reconven-tional demand alone, or whether the judgment on the principal demand should also be reversed and the case remanded for further proceedings on both the principal and reconventional demands.
The reconventional demand attacks the option to purchase on the grounds of fraud, lack of consideration, and other grounds. It does not seek to annul the judgment which the principal demand seeks to enforce. The principal demand is not to enforce the option but is to enforce the previous definitive judgment. The reconventional demand does not allege any of the grounds for annulment of judgments provided by LSA-C. C.P. Art. 2001, et seq. The allegations of the reconventional demand relate entirely to matters surrounding the original execution of the lease option agreement, known to Mitchell at the time the first suit was filed and tried, and do not relate to any matter involved in the procurement of the judgment in the first suit. For example, the reconventional demand alleges Mitchell did not own part of the property described in the agreement; that she never intended to grant an option to purchase; that there was no consideration for the option; that her signature was procured by fraud; that the provision of the agreement providing for an option was added by Bertolla without her knowledge, consent or approval; that the $80,000 price was never discussed; and that the instrument was not signed in the presence of the witnesses whose names appear thereon.
No reason has been advanced by appellant, and we perceive of none, why a judgment favorable to appellant on the re-conventional demand would in any way defeat or otherwise affect the enforceability of the definitive judgment which is enforced and given effect in the judgment on the principal demand appealed from. The brief per curiam of the Supreme Court in the second case indicates there would be some effect, but we are unable to determine *657 what it would be. Appellant specifies no error in the judgment on the principal demand. The Code of Civil Procedure specifically allows separate trial of principal and incidental demands and separate judgments thereon. LSA-C.C.P. Art. 1038.
Because there is no error in the judgment on the principal demand and because a judgment favorable to plaintiff on the incidental demand would not, as far as we can see, defeat or otherwise affect the judgment on the principal demand, there is no reason to set aside that judgment or to remand the case for further proceedings on the principal demand. Our decree will reverse the judgment sustaining the exception of res judicata to the reconventional demand, will remand the case for further proceedings on the reconventional demand, and will affirm the judgment on the principal demand, with a modification as hereinafter discussed.
The unusual and confusing posture in which this litigation will remain after our decision is a consequence, we believe, of the result reached by the Supreme Court in its decision in the second case as pointed out in footnote 2. An outright affirmance of the judgment on the principal demand would place Bertolla in a difficult position because he must pay the $80,000 purchase price within 60 days after the judgment on the principal demand becomes final, and yet he is still faced with trial of the second suit and the reconventional demand in this suit, without being sure of what effect, if any, a judgment favorable to Mitchell in those proceedings will have. Therefore, we will modify the judgment on the principal demand to allow Bertolla to pay the purchase price at any time up until 60 days after the last judgment in the pending proceedings (second and third suits) becomes final and definitive.
The judgment of the district court is reversed insofar as it sustains the exception of res judicata to the reconventional demand; the exception is overruled; and this action is remanded to the district court for further proceedings on the reconventional demand. The judgment of the district court on the principal demand is modified to provide that D. L. Bertolla is vested with title to and is decreed to be the owner of the property described therein subject to his depositing in the registry of the Second Judicial District Court the sum of $80,000 at any time, up until 60 days after the last judgment disposing of all demands in both suits numbered 21,835 and 22,176 on the docket of said court becomes final and definitive. Costs of this appeal are assessed to the appellant and the appellee equally.
Reversed in part, modified in part, affirmed in part, and remanded.

. In the first suit, Mitchell v. Bertolla, 300 So.2d 209 (La.App. 2d Cir. 1974), writ refused 303 So.2d 179 (La.1974), Mitchell sought cancellation of the lease option for failure to pay *655 rental, failure to exercise the option during the lease period, and lesion beyond moiety. Bertol-la sought specific performance of the option. Judgment was rendered upholding the validity of the option and ordering Mitchell to convey the property to Bertolla upon payment of the purchase price. The judgment was affirmed by the Court of Appeal and writs were denied by the Supreme Court.

. In the second suit, Mitchell v. Bertolla, 340 So.2d 287 (La.1976), reversing 328 So.2d 380 (La.App. 2d Cir. 1976), Mitchell sued to cancel the option to purchase. The trial court sustained Bertolla’s exception of lis pendens based on the pendency of the previous suit. The Court of Appeal affirmed the dismissal of the suit, sustaining an exception of no cause of action filed in the appellate court on the basis that the present suit did not seek to annul the judgment in the prior suit, but sought a remedy which was not available because of the prior judgment and raised an issue which was moot under the posture of the case. The Supreme Court reversed, holding principally that because there was no identity of “cause” between the suits (the first seeking cancellation because of nonpayment of rent and lesion and the second seeking cancellation because of fraud, lack of consideration, and other grounds), the plea of res judicata filed in the appellate court should be overruled. The exception of lis pen-dens was also overruled because the judgment in the previous suit became final before the judgment was signed in this case. The opinion did not deal with the exception of no cause of action on which the Court of Appeal decision was grounded. In a per curiam rendered on application for rehearing, the Supreme Court dealt only briefly with the Court of Appeal’s decision which sustained the exception of no cause of action, holding the case was not moot because “the option is presently enforceable, absent the termination of the litigation in plaintiffs favor.” It would seem that the Supreme Court, anxious to write on res judicata which was not considered by either the trial court or the Court of Appeal, failed to grasp the fact that the option was not “enforceable” as stated in the per curiam, but had already been enforced by judgment in the first proceeding. The judicial enforcement of the option was an accomplished fact. The only thing remaining “enforceable” was the judgment itself, which was not attacked in the second case or by the reconventional demand in the third case now before this court. We have no quarrel with the Supreme Court’s decision on res judicata. We do question the decision on cause of action. Does a party have a cause of action to annul a contract on grounds related to the execution of the contract where there is a previous definitive judgment ordering specific performance of the contract? Can relief be afforded to the party without setting aside the previous judgment?

. Although the signed judgment does not mention the reconventional demand, it is to be considered as rejecting that demand. The minutes clearly reflect that intention, as they show judgment was rendered (although not signed at that time) sustaining the exception of res judi-cata to the reconventional demand.