397 So.2d 56 (1981)
Ruth Woodard MITCHELL, Plaintiff-Appellant,
v.
D. L. BERTOLLA, Defendant-Appellee.
D. L. (Denny) BERTOLLA, Plaintiff-Appellee,
v.
Ruth W. MITCHELL et al., Defendants-Appellants.
No. 14497, 14498.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1981.
Writ Denied May 6, 1981.
*57 Bobby L. Culpepper, Jonesboro, for Mitchell.
Stewart & Stewart, Arcadia, for Bertolla.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Plaintiff in suit No. 14,497, Ruth W. Mitchell, appeals a judgment rejecting her demands to cancel an option to purchase contained in a "Lease Agreement and Option to Purchase" and granting defendant, plaintiff-in-reconvention, Denny Bertolla, specific performance of the option. Mitchell also appeals a judgment in suit No. 14,498 rejecting her demands as plaintiff-in-reconvention to cancel the same option. We affirm.
On May 13, 1971 Mitchell leased to Bertolla 541 acres of land for a period of 3 years, and the lease contained an option giving Bertolla the right to purchase the land during the pendency of the lease. Bertolla sought to exercise the option during the pendency of the lease, and Mitchell refused to convey the property. The ensuing complicated and lengthy litigation resulted. For a history of this litigation see Mitchell v. Bertolla, 300 So.2d 209 (La.App. 2d Cir. 1974); Mitchell v. Bertolla, 328 So.2d 380 (La.App. 2d Cir. 1976); Mitchell v. Bertolla, 340 So.2d 287 (La. 1976); and Bertolla v. Mitchell, 364 So.2d 653 (La.App. 2d Cir. 1978).
In suit No. 14,497 Mitchell sued Bertolla for cancellation of the option contained in a "Lease Agreement and Option to Purchase" on the grounds that the option was secured by fraud and that there was no consideration given for it. Bertolla reconvened in this suit for specific performance.
Bertolla sued Mitchell in suit No. 14,498 and sought specific performance of the option and Mitchell reconvened seeking to cancel the option on the grounds that it was secured by fraud and was not supported by consideration.[1] Only the judgment rejecting the reconventional demand is here appealed.
The trial judge found that Mitchell failed to carry her burden of proving fraud. He found that it was immaterial whether there was consideration for the option because Bertolla exercised the option prior to Mitchell's attempt to revoke it.

ISSUE OF NO CONSIDERATION FOR OPTION
The Mitchell-Bertolla lease provided for a rental installment of $75 each month *58 and recited no consideration for the option. The jurisprudence holds that a lease is sufficient consideration for an option to purchase the immovable property contained in the lease agreement. No specific cash consideration for the option is required to be set forth in the lease.
In Murphy v. Hussey, 117 La. 390, 41 So. 692 (1906), the court held that a lease containing an option to purchase is sufficient consideration for the option to purchase. In Succession of Witting, 121 La. 501, 46 So. 606 (1908), the court concluded that an option to purchase contained in a lease is not a stipulation standing alone but is a part of the lease contract, and that the lease containing affirmative covenants of the lessee is consideration for the right to purchase during the pendency of the lease. In Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922), the court stated:
"A lease with the affirmative covenants of the lessee is a sufficient consideration for a contract giving the lessee a right to purchase the property during the continuance of the lease, so that the option cannot be withdrawn by the lessor during that time." Id. at 369.
See also Farris v. Interstate Enterprises, Inc., 270 So.2d 230 (La.App. 1st Cir. 1972).
Mitchell cites Goodyear Tire & Rubber Co. v. Ruiz, 367 So.2d 79 (La.App. 4th Cir. 1979), for the proposition that a lease is not sufficient consideration for an option to purchase contained therein. However, Goodyear does not support her conclusion. In Goodyear plaintiff and defendant in 1971 had entered into a lease contract which contained no option. In 1976 plaintiff and defendant executed an option to purchase agreement which recited that it was an amendment to the lease, but the option was supported by no consideration. Goodyear contended that the original lease provided the consideration under the Kinberger, supra, rule. The Fourth Circuit correctly held that a lease is consideration for an option to purchase only where the option given to the lessee is "part of the package of benefits" being exchanged for those going to the lessor.
The Mitchell-Bertolla lease document was entitled "Lease Agreement and Option to Purchase", and the option was part and parcel of the lease agreement, and therefore had as its consideration the lease. Mitchell's contention that the option is not supported by consideration is without merit.

DID BERTOLLA USE FRAUD IN ACQUIRING THE OPTION?
Mitchell further complains that the lease contract should be vitiated because of fraud. As evidence of fraud Mitchell relied upon her testimony and that of her maid that Mitchell and Bertolla were dating at the time of the agreement. Bertolla denies this relationship. We observe that even if the litigants had dated each other, Mitchell fails to establish how such circumstances constitute fraud in the confection of the lease and option, other than her vague statement that she trusted Bertolla and did not read the document. She contends that she did not intend for the lease to contain an option. The only other evidence designed to establish fraud was testimony of two friends of Mitchell that they heard Bertolla say he had made a good deal on some property with a widow woman. Bertolla denied these statements and even if he had made them, these declarations standing alone contribute very little toward establishing that Bertolla was guilty of fraud in obtaining the option.
The party alleging fraud has the burden of proving it by legal and convincing evidence. Hall v. ArkLa Gas Co., 368 So.2d 984 (La. 1979). Fraud is never presumed. Hall, supra; Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (1953); Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952). Proof of fraud must be by evidence well beyond a preponderance; exceptionally strong proof is required. Hall, supra; Placid Oil Co. v. Taylor, 345 So.2d 254 (La.App. 3d Cir. 1977).
The trial court made the following findings of fact:
"From the evidence adduced at trial the Court finds: (1) that Mrs. Mitchell had *59 been in business many years prior to the execution of this Agreement and that had she read the instrument she would have known that an Option to Purchase was contained therein; (2) that her attorney, Mr. Wimberly, at her request, read the instrument in her presence, again indicating that she must have known the Option to Purchase was contained therein; (3) that not long before the execution of this Agreement Mrs. Mitchell had requested various realtors to see if they could find buyers for the property and had "For Sale" signs on the property, indicating an intent to sell; (4) that she had sold other property for approximately the same price shortly before the execution of this Agreement; ..."
These factual findings are entitled to great weight and are not to be disturbed by us in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). There is substantial evidence in the record to support these factual determinations and we agree with them. Mitchell had operated a store inherited from her father for several years and was operating it when she met Bertolla. She had sold property to Continental Can Co. shortly before the lease contract was entered into. She had an associate degree in nursing and had completed two or three years of college. From her educational and business background it is apparent that Mitchell was fully capable of understanding the full significance of the lease and option which she negotiated with Bertolla. Mitchell and Bertolla met and contracted on equal grounds. Mitchell failed to produce the strong proof needed to prove fraud. The hazy statements by Mitchell and her maid regarding a dating situation existing between Mitchell and Bertolla at the time of the contract are simply not sufficient to show fraud. We also note, as did the trial judge, that Mitchell's attorney read the agreement in Mitchell's presence at the time it was signed, indicating her knowledge of the option to purchase.
The cases cited by Mitchell for the proposition that she was defrauded out of her land involved situations in which there was a wide discrepancy between the educational and economic backgrounds of the parties involved and are therefore distinguishable. In Placid Oil, supra, the party who was defrauded was 83 years old with no formal education and barely able to read or write. Her niece to whom she sold her mineral rights had a masters degree in speech, 30-hours towards her doctorate, and realized her aunt was incapable of reading a legal document. In Smith v. Everett, 291 So.2d 835 (La.App. 4th Cir. 1974), the plaintiff had a seventh grade education and was employed as a garbage collector. Defendant had been to two colleges, sold stocks and bonds, and was a licensed realtor. No such disparities exist between Mitchell and Bertolla in this case. Mitchell testified she did not read the lease and did not know it contained the option. Bertolla testified he saw her read it. However, even if Mitchell failed to read the lease contract, she signed the instrument and is presumed to know its contents. See Fontenot v. Coreil, 2 So.2d 97 (La.App. 1941); Leny v. Friedman, 372 So.2d 721 (La.App. 4th Cir. 1979), and the authorities cited therein. There is no merit to Mitchell's contention that the option was acquired by fraud.
Bertolla filed exceptions of no cause of action in this court contending that the judgments affirmed (which are now final) in the two Second Circuit cases earlier referred to, Mitchell v. Bertolla, 300 So.2d 209 (La.App. 2d Cir. 1974) and Bertolla v. Mitchell, 364 So.2d 653 (La.App. 2d Cir. 1978), ordered specific performance and therefore preclude the existence of the cause of action asserted by Mitchell to cancel the option on the grounds of no consideration and fraud.
We find it unnecessary to consider the exception of no cause of action filed by Bertolla in this court because we have found the option was supported by consideration, and there was no fraud exercised by Bertolla in acquiring the option.
AFFIRMED at appellant's cost.
NOTES
[1] A judgment on the main demand ordering specific performance was affirmed by this court in Bertolla v. Mitchell, 364 So.2d 653 (La.App. 2d Cir. 1978), and there the reconventional demand was remanded for trial and it is the judgment following the remand that is here appealed.