NORRIS, Judge.
The plaintiffs sued for liquidated damages for an alleged breach of a sale and assignment of an option to purchase. The *1161 defendant moved for summary judgment, which the trial court granted. The plaintiffs appealed and, for the reasons expressed, we affirm.
The plaintiff, Mrs. Rogers,[1] was the holder of an option to purchase certain land in Morehouse Parish; the property owner, Mrs. Jackson, is not a party to the suit. Mrs. Rogers conveyed all her right and interest in the option to the defendant, Mr. Snead, who is Mrs. Jackson’s nephew. Under the act of “Sale and Assignment of Option,” Mr. Snead received, in exchange for $100.00 consideration, Mrs. Rogers’s right to purchase the land for $200,000 until February 18, 1990. This was the same term and price as listed in Mrs. Jackson’s original option contract. The act of sale and assignment includes the additional proviso:
Assignee, J.H. Snead, declares and agrees that he will not exercise nor transfer this option during the life of Grace Snead Jackson, in default of which he shall pay unto [Mrs. Rogers] the sum of $200,000.00, as damages.
Slightly over a year later, on August 12, 1986, Mr. Snead unilaterally executed a “Cancellation and Termination of Right to Exercise Option to Purchase.” About two weeks later, Mrs. Jackson (the original grantor) sold the land to a man named Moore.
Mrs. Rogers claimed by petition that when Mr. Snead cancelled the option to purchase, he “exercised or transferred” it during Mrs. Jackson’s lifetime, in violation of the contract. She added that Mrs. Jackson’s subsequent sale of the land to Moore was a result of Mr. Snead’s breach of contract.
Mr. Snead moved for summary judgment. Both parties conceded the pertinent facts and submitted the matter on the legal issue of whether Mr. Snead’s act of cancel-ling the option was tantamount to exercising or transferring it. The trial court granted the motion on oral reasons that were not transcribed.
On appeal, Mrs. Rogers contends, without any citation of authority, that an option to purchase has two elements: a right to purchase the property for a specified time, and a right to sell the property that is withheld from the grantor during the term. She further argues that when Mr. Snead cancelled the option, the second element (right to sell) reverted to the grantor, Mrs. Jackson. This reversion, she argues, amounted to a “transfer” of the option.
Mrs. Rogers’s argument is not persuasive. We do not believe that an option to purchase vests in the optionee any right to sell the property. The optionee may assign or transfer his option to a third person, as Mrs. Rogers assigned her option to Mr. Snead. However, Mrs. Rogers could not sell the property unless she first exercised the option and acquired title; she could not sell something she does not own. LSA-C. C. art. 2452.
An option to purchase is an offer, whereby the owner promises to sell to the offeree if the offeree meets the contractual provisions. LSA-C.C. arts. 2462, 1933; Herring v. Pollock, 339 So.2d 510 (La.App. 2d Cir. 1976). Article 2462 provides in part:
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon * * *[.]
Thus the statute contemplates two alternatives:
(1) Acceptance. The offeree accepts the offer by exercising the option. Bray v. Davis, 236 So.2d 827 (La.App. 2d Cir.1970), writ denied 256 La. 858, 239 So.2d 360 (1970); Watson v. Bethany, 209 La. 989, 26 So.2d 12 (1946).
(2) Rejection. The offeree may reject the offer by letting the term expire without accepting. LSA-C.C. art. 1929. He may also expressly reject. LSA-C.C. art. 1938.
Contractually these parties considered a third:
*1162 (3) Assignment. The offeree assigns his rights by selling or transferring the option.
By contract, Mrs. Rogers as assignor of the first option and Mr. Snead as offeree agreed that the offeree could not pursue alternatives (1) or (3), “exercise or transfer this option,” during Mrs. Jackson’s lifetime. The contract specified no such prohibition against, or restriction upon, alternative (2), rejection. *
When Mr. Snead “terminated” the option, he said he would not exercise it. Common sense dictates that this was the equivalent of rejecting the offer to sell. The contract did not prohibit this during Mrs. Jackson’s lifetime. Thus Mr. Snead’s act did not breach the act of sale and assignment of option and did not trigger the liquidated damages provision. Thus there was no genuine issue of material fact and Mr. Snead was entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The summary judgment was properly granted and is affirmed at appellants’ costs.
AFFIRMED.

. Mrs. Rogers’s husband, Alfred Rogers, is named as a plaintiff and is listed with his wife as a party to the notarial acts but he was not personally involved in any of the transactions.